### ARGUED AND DETERMINED

##### IN THE

# SUPREME COURT OF ARKANSAS,

##### AT THE

## JUNE TERM, A. D. 1867.

———◆◆———

### KILLIAN VS. ASHLEY ET. AL.

Where a third party indorses a note, in blank, at the time it is executed, he is bound as security as fully as if he had written his name on the face, under that of the maker. But if such indorsement be made at a subsequent time, it is, in effect, a new contract—a guaranty, and to be valid, must be made upon a sufficient consideration.

An endorsement in blank by a third party gives to the payee or indorsee an implied power to write above it, the most absolute terms of guaranty, and is a promise in writing to answer for the debt of another as contemplated by the statute of frauds.

A valid contract of guaranty indorsed upon an instrument of writing, passes by assignment, to the assignee, and vests in him a right of action in his own name against the guarantor.

The release of a substantial security for the payment of a debt, in consideration of

the guaranty of a third person, is a sufficient consideration to support the contract of guaranty.

Where a guaranty is absolute and unqualified—as a guaranty in blank may be considered to be—and for the payment of a debt fixed and definite in terms, demand and notice are unnecessary.

The liability of an indorser and guarantor is several—upon separate contracts; and a joint action will not lie against them.

Where the blank indorsement of a third party is alleged to have been made at the time of the execution of the bond he may be sued as maker jointly with the payee as assignor.

### Appeal from Pulaski Circuit Court.

Hon. LIBERTY BARTLETT, Circuit Judge.

CLARK, WILLIAMS & MARTIN, for the appellant.

That the maker, indorser, and guarantor who subscribes a note on the back for that purpose, may be joined in debt for the recovery of the note is well settled under our statute, and understood to need reference to no authorities ; nor is it necessary to refer to any on the point, that the releasing of a valid lien upon lands held by the payee in security for the payment of a bond would be a good consideration for the guarantor's undertaking.

In setting out a contract of guaranty in the declaration, it is not necessary to allege that the same or some memorandum thereof was in writing and signed by the party, 1 *Chitty's Pl.*, 222. If the contract was not in writing, the statute of frauds must be pleaded, or is a matter of evidence. 1 *Saund.*, 211, *note* 2 ; 2 *Salk.*, 519 ; 3 *Burr.*, 1890 ; 1 *Saund.*, 276, *note* 2. It is only necessary to allege a good contract of guaranty without reference to the statute of frauds ; and if the case is within the statute, the court will presume the contract to be in writing until the contrary appears by plea, or on the trial.

But in this case the contract of guaranty, as alleged in the declaration, is an original undertaking to pay the debt for a valuable and independent consideration, and is not within the statute.

1 *Saund.*, 211, *a note* 2; 1 *Wils.*, 305; *Parsons on Con.*, 9; *Allen vs. Thompson*, 1 *N. Hamp.*, 32; *Nelson vs. Dubois*, 13 *John.*, 173; 8 *Wend.*, 404; *Meyer vs. More*, 15 *John.*, 425; *Farley vs. Cleavland*, 9 *Cow.*, 639; 15 *Wend.*, 342. But if this case is within the statute of frauds, and it is necessary to allege that the contract was in writing, the averment that the guarantor had endorsed the instrument in blank by way of guaranty for a valuable consideration, is a sufficient compliance with the requirement of the statute—such endorsement authorizing the holder to fill up the blank, by writing over the name a guaranty for the payment of the note. *Nelson vs. Dubois*, 13 *John.*, 175; *Riddle vs. Stephens*, *Law Reg.*, for *Sept.*, 1866, *page* 651; 20 *John.*, 365; *Story on Bills*, sec. 215.

As a general rule a contract of guaranty is not assignable at common law, because the contract was personal to the party, and the guaranty an inducement to the credit; but in this case the contract of guaranty was not the inducement to the making of  the bond, but was given after the date of the bond and upon another and independent consideration. It is an original undertaking, not personal to the payee of the bond, but a security for its payment, and runs with the bond into the hands of the assignee. But if this were not so, our statute makes all contracts assignable, (*Dig. ch.* 15, *sec.* 1—9.) *Parsons on Con.*, 3, 4; 24 *Wend.*, 456; 26 *Wend.*, 425; 8 *Greenl. Rep.*, 234; *Story on Bills*, secs. 456, 457, 458, *note* 2.

The liability of the guarantor is absolute, and not conditional, therefore demand and notice were not necessary; 13 *Verm.*, 93; 2 *Har.*, 24; 1 *Story*, 22; 3 *Greenl. Rep.*, 332; 24 *Wend.*, 35, 82; *Chitty on Bills*, 353.

WATKINS & ROSE, for the appellees.

The endorsement of William E. Ashley, if it could amount to anything, was an engagement to answer for the debt of another and could not bind him unless there was a memorandum in writing. *Gould's Dig.*, *ch.*, 74, *sec.* 1; and to charge him it was

34

necessary to allege and show a consideration. *Tenny vs. Price*, 4 *Pick.*, 385; *Aldridge vs. Turner*, 1 *Gill & John.*, 427; *Hunt v. Brown*, 5 *Hill N. Y.*, 145; *Violet vs. Patton*, 5 *Cranch*, 142. A guaranty, to charge the guarantor, must contain all the material facts *on its face*, and if it does not it is void under the statute, and cannot be aided by parol proof. *Allison vs. Rutledge*, 5 *Yerg.*, 193; *Nelson vs. Boynton*, 3 *Metc.*, 396; *Clark vs. Russell*, 3 *Dallas*, 415.

If the endorsement of William E. Ashley, constituted a guaranty, the plaintiff could not recover unless he alleged that demand had been made of the maker of the note, and due notice of his refusal to pay had been given to the guarantor. *Sage vs. Wilcox*, 6 *Conn.*, 81; *Given vs. Dodge*, 2 *Hammond*, 430; *Dale vs. Young*, 2 *McLean*, 557.

This, like all other contracts, must be construed according to the intention of the parties: and had W. E. Ashley designed to bind himself as maker, he would have signed the note instead of endorsing it. That upon this endorsement he cannot be charged as maker, see *Tenny vs. Price*, 4 *Pick.*, 385; *Wen vs. Kettredge*, 7 *Mass.*, 233; *Good vs. Jones*, 9 *Misso.*, 866; *Spiers vs. Gilmore*, 1 *Coms.*, 324; *Pierce vs. Mann*, 17 *Pick.*, 244; *Edward on Bills*, 219.

A guaranty, though written on the same paper with the note, does not pass to the assignee of the note, so as to enable him to sue on it in his own name, though by the transfer of the note he may become the equitable owner of the contract of guaranty. The contract of guaranty is a collateral contract, and is not a part and parcel of the note itself. See *Turley vs. Hodge*, 3 *Humph.*, 73; *McDoal vs. Yeomans*, 8 *Watts.*, 361; *Smith vs. Dickinson*, 6 *Humph.*, 261; *Pierce vs. Mann*, 17 *Pick.*, 244; *True vs. Fuller*, 21 *Pick.*, 140; *How vs. Kemble*, 2 *McLean*, 103; *Preston vs. Davis*, 8 *Ark.*, 167.

Mr. Chief Justice WALKER delivered the opinion of the court. This is an action of debt brought by Killian against the

defendants, Joseph O. and William E. Ashley, upon a writing obligatory, executed on the 12th of February, 1859, by William B. Easley to Joseph O. Ashley, for one thousand dollars, and assigned by Joseph O. Ashley to James B. Keatts, and by Keatts to the plaintiff. Upon the back of the writing obligatory the name of William E. Ashley is endorsed in blank.

The declaration contains two counts; the first is against Joseph O. Ashley as endorser, and William E. Ashley as guarantor. The second is against Joseph O. Ashley as endorser and William E. Ashley as maker. The defendants filed separate demurrers to each count of the declaration. The demurrers were sustained, and judgment rendered thereon in favor of the defendants, from which the plaintiff appealed.

The insufficiency of the declaration, and more particularly the first count, was questioned upon several grounds, which we will proceed to consider.

In the first count William E. Ashley is declared against as guarantor; and as the endorsement was made in blank, without date, it is not certain whether he should have been declared against as security or guarantor. If he endorsed the writing obligatory at the time it was executed by Easley, then he is bound as security for the payment, as fully as if his name had been written immediately under that of Easley, the principal. The mere fact that the name was written upon the back of the instrument, did not change the nature of his liability; it was not the making of a new contract, but simply becoming security for the payment of the one then being made. But if William E. Ashley endorsed the writing obligatory, after it was executed and delivered, such endorsement was in effect a new contract, and to be valid, should be made upon sufficient consideration. As against him, it created a distinct liability. *Tenny vs. Prince*, 4 *Pick. R*, 387. By endorsing the obligation in blank, he gave to the payee or assignee, an implied power to write above it, the most absolute terms of guaranty. *Webster vs. Cobb*, 27 *Ill. R.*, 446; *True vs. Fuller*, 21 *Pick. R.*, 142. If William E. Ashley

had desired to limit or qualify the terms of his guaranty, he should have done so when he made the endorsement; but when he sent forth the instrument with his name upon it, he is held to have given his implied consent to be bound by such terms as the holder of the obligation might fix upon him, in his character as guarantor.

The defendant's counsel contend that, admitting the legal liability of William E. Ashley to pay, as guarantor, to Joseph O. Ashley, the payee, the contract of guaranty did not pass by the assignment of the writing obligatory to the plaintiff: that there is no privity of contract between William E. Ashley and the plaintiff, and that, consequently, the plaintiff has no right of action against him. *Smith et al. vs. Dickinson*, ⧸ *Humph. R.*, 261, decided upon the authority of *True vs. Fuller*, 21 *Pick.*, 140, and some others are cited as authority in support of this position; and an examination of them would seem to sustain the position assumed by counsel. But we find other and later decisions which hold differently upon reason and authority, which accord with the rights of parties, holders of negotiable paper. Our own statute has placed sealed and unsealed instruments upon the same footing, they are alike assignable, and enter largely into the business transactions of the country. It was evidently the intention of the legislature to facilitate their circulation, as a species of exchange, by vesting in the assignee the same interest which the assignor had. An endorsement by a responsible party after the execution of the instrument, gave to it an additional credit, and although a new undertaking, it is, nevertheless, so attached to, and connected with the original contract as to become, in some respects, a part of it. *McLarren vs. Watson's ex'r.*, 26 *Wend.*, 425; *Webster vs. Cobb*, 27 *Ill. R.*, 466; *Cooper & Peabody vs. Dedrick*, 22 *Barb. Rep.*, 516, sustain us in the opinion that the contract of guaranty endorsed upon the writing obligatory, passed with it, by virtue of its assignment to the assignee, partakes of its negotiability, and vests in the assignee a right of

action, upon the contract of guaranty, against William E. Ashley, the guarantor.

The objection to the first count, that the contract of guaranty is without consideration, is not well taken. It is averred that Joseph O. Ashley held a lien upon a tract of land for the payment of the writing obligatory of Easley, which he released in consideration that William E. Ashley would guaranty the payment of the debt by endorsing the writing obligatory. We have no means of knowing whether William E. Ashley was benefited by this endorsement or not; he may, or may not have been interested in removing the lien from the land; but be that as it may, Joseph O. Ashley was certainly prejudiced by giving up this additional security for the payment of his debt, which is a sufficient consideration to uphold the contract of guaranty. *Howard vs. Kearstead*, 20 *Ill. R.*, 373.

It is further objected to this count, that it does not aver demand, and notice of non-payment of the debt to William E. Ashley. Whether this objection is well taken, or not, must depend upon the nature of the contract. As a general rule, it would seem that where a continuing guaranty is made, one which relates to future transactions upon the happening of which an absolute liability to pay must depend, the guarantor has a right to know whether such contingencies have happened, and is entitled to notice before he can be held liable upon his guaranty. *McCollum, et al. vs. Cushing et al.*, 22 *Ark. R.*, 540. But where the guaranty is for the payment of a debt fixed and definite in terms, and is absolute and unqualified, as we have seen the assignee had a right to make it, demand and notice are unnecessary. Easley had become bound to pay $1,000 on a given day, and William E. Ashley, by his unqualified guaranty of payment, became responsible for the payment of the debt according to the terms of the writing obligatory, as held by this court. *Lane vs. Lavillian*, 4 *Ark. R.*, 85; *Harrell vs. Miller*, 21 *Ill. R.*, 637; *Webster vs. Cobb*, 27 *Ill. R.*, 465. Such being the effect of the guaranty, it was unnecessary to aver demand and notice.

The liability of William E. and Joseph O. Ashley was upon separate contracts. They were not jointly liable, and upon this ground the demurrer to the first count was properly sustained, as held by this court in the case of *Preston vs. Davis*, 8 *Ark. R.*, 167; *Goodle & Jones vs. Jones*, 9 *Mo. R.*, 866.

It is true, as contended by counsel, that a promise to pay the debt of a third person must, under the statute, be in writing; but from the legal effect of the endorsement, coupled with the authority to fill up the blank with the written guaranty to pay, we must hold this to be a guaranty or promise in writing to pay, and is not void under the statute.

Having thus considered and disposed of the objections to the sufficiency of the first count, we will proceed to consider the sufficiency of the second count, in which William E. Ashley is sought to be charged as maker and Joseph O. Ashley as endorser. If in point of fact William E. Ashley endorsed the writing obligatory at the time it was executed by Easley, he thereby became security for Easley, and jointly bound with him to pay, and is properly declared against as maker and properly joined with Joseph O. Ashley who was the assignor. *Tenny vs. Prince*, 4 *Pick. R.*, 387; *Robertson vs. Pebles*, 17 *Ohio R.*, 36; *Carr vs. Rowland*, 14 *Texas R.*, 278. The count is in the usual form, and we think in all respects sufficient. The pleader has chosen to fix the date of the endorsement of William E. Ashley as having been made at the time the writing obligatory was executed, and so we must, upon demurrer, consider it as having been made. If in point of fact there is a misstatement of time, in the further progress of the trial the defendant may avail himself of it, but of that we are not now called upon to consider.

In view of the whole case and the questions of law raised by demurrer, we are of opinion that the demurrer to the first count was properly sustained on account of the misjoinder of parties; and that the circuit court erred in sustaining the demurrer to the second count, and for this error the decision of the circuit court must

be reversed, and the cause remanded with leave to the plaintiff to amend the first count in his declaration, and for further proceedings.