SCANLAND *v*. PORTER.

Opinion delivered December 4, 1897.

CERTIFICATE OF DEPOSIT—INDORSEMENT BEFORE DELIVERY.—Where a certificate of deposit, payable to the depositor's order, is indorsed in blank before delivery, the party so indorsing is considered an original promisor, and not an indorser entitled to demand and notice. (Page 471.)

Appeal from Arkansas Circuit Court.

JAMES S. THOMAS, Judge.

STATEMENT BY THE COURT.

The appellant sued the appellees upon the following certificate of deposit, to-wit:

"Certificate of Deposit. Duvall, Leslie & Leslie, Bankers, Arkansas Banking Company. Stuttgart, Ark., April 6, 1891. No. 2027. R. Scanland, Treasurer, has deposited in this bank $1,586.90 (Fifteen hundred eighty six and 90–100 dollars) in current funds, payable to the order of himself, in current funds, on the return of this certificate, properly indorsed, —— months after date, with interest at —— per cent. per annum for the time specified only, account personal redemption fund. C. K. Leslie, Cashier. [Indorsed] J. I. Porter, T. H. Leslie, W. M. Price,"—which was credited as follows: "5–30–92, check E. L. Johnson, $932.60."

The appellees answered, denied liability, and stated that they were indorsers for the accommodation of the bank, and that

their indorsement was without consideration; that they had never had notice of demand upon the bank for payment, and failure of the bank to pay.

The court, sitting as a jury, after hearing the proof in the case, found for the appellees generally, and rendered judgment accordingly, to all which appellant excepted, filed his motion for a new trial, which was by the court overruled, to which appellant excepted, and brought the case here for determination by appeal.

*W. H. Halliburton* and *John F. Park* for appellants.

Indorsement on the back of a note, prior to its delivery, by one not a party thereto renders him liable as a joint promisor.    36 Am. Dec. 338; 19 Am. Dec. 311; 6 Am. Dec. 71; 72 Am. Dec. 84; 22 How. 260; 29 Am. Rep. 536; 1 L. R. A. 712; 2 L. R. A. 428; 24 Ark. 511; 34 Ark. 524; 40 *id.* 545; 95 U. S. 90.

*Jas. A. Gibson,* for appellees.

Appellees were only accommodation indorsers, and not makers.    They were entitled to notice.    Daniel, Neg. Inst. § 995.

HUGHES, J., (after stating the facts.)    The evidence of J. I. Porter in this case tends to show that J. I. Porter, one of the appellees, deposited the money in the bank for appellant, upon the request of the appellant, and not upon advice given appellant by him to deposit it with the bank.    Appellant says that Porter advised him to deposit the money with the Arkansas County Bank, and told him he could draw it out at any time within five years.    It seems that when the bank had issued its certificate of deposit, as copied above, the appellees indorsed it, before its delivery to appellant.    Are the appellees to be considered indorsers or makers of the instrument?    Following the decision of the supreme court of the United States in *Good* v. *Martin* (95 U.S. 90), *Nathan* v. *Sloan* (34 Ark. 534), and *Killian* v. *Ashley* (24 Ark. 511), this court, in *Heise* v. *Bumpass* (40 Ark. 545), held that "when a promissory note, made payable to a particular person or order, is first indorsed by a third person, such third person is an original promisor, guarantor or indorser, according to the

nature of the transaction and the understanding of the parties at the time. If he puts his name in blank on the back of the note at the time it was made, and before it was indorsed by the payee, in order to give the maker credit with the payee, he is to be considered a joint maker of the note, and not a mere guarantor. And, in this view, questions of presentment, demand, protest and notice become immaterial."

In *Killian* v. *Ashby*, 24 Ark. 511, it is held that "where a third party indorses a note in blank at the time it is executed, he is bound as security as fully as if he had written his name on the face under that of the maker. But if such indorsement be made at a subsequent time, it is, in effect, a new contract, and, to be valid, must be upon a sufficient consideration." It was said in this case, by Judge Watkins, delivering the opinion, that "if William E. Ashley had desired to limit or qualify the terms of his guaranty, he should have done so when he made the indorsement; but, when he sent forth the instrument with his name upon it, he is held to have given his implied consent to be bound by such terms as the holder of the obligation might fix upon him in his character as guarantor."

In *Nash* v. *Skinner*, 12 Vt. 219 (36 Am. Dec. 389), it is said: "It has been decided in this state, and may be regarded as settled law, that when a person, not a party to a note, signs his name upon the back, without any words to express the nature of his undertaking, he is considered as a joint promisor with the other signers."

In the case of *Good* v. *Martin*, 95 U. S. 95, the court said: "Considerable diversity of decision, it must be admitted, is found in the reported cases, where the record presents the case of a blank indorsement by a third party, made before the instrument is indorsed by the payee, and before it is delivered to take effect; the question being whether the party is to be deemed an original promisor, guarantor, or indorser. Irreconcilable conflict exists in that regard; but there is one principle upon the subject almost universally admitted by them all, and that is, that the interpetration of the contract ought in every case to be such as will carry into effect the intention of the parties, and in most cases it is admitted that the proof of the facts and circumstances which took place at the time of the

transaction are admissible to aid in the interpretation of the language employed. *Denton* v. *Peters*, L. R. 5 Q. B. 475. Facts and circumstances attendant at the time the contract was made are competent evidence for the purpose of placing the court in the same situation, and giving the court the same advantages.for construing the contract which were possessed by the actors." *Cavazos* v. *Trevino*, 6 Wall. 773. The court said, in effect, that granting that "if a holder produces a note having a blank indorsement of one not the payee, the presumption is that it was made at the inception of the instrument;   *   *   * still it is a mere presumption of fact, which may be rebutted and controlled by parol proof that it was not there when the note was delivered." P. 96. This, as we have seen, would make the third party indorsing after delivery an indorser, and not an original promisor. On page 97 of *Good* v. *Martin*, 95 U. S., it is said further: "Where the indorsement is in blank, if made before the payee [indorser], the liability must be either as an original promisor or guarantor; and parol proof is admissible to show whether the indorsement was made before the indorsement of the payee and before the instrument was delivered to take effect, or after the payee had become the holder of the same; and, if before, the party so indorsing the note may be charged as an original promisor, but if after the payee became the holder, then such party can only be held as guarantor, unless the terms of the indorsement show that he intended to be liable only as second indorser, in which event he is entitled to the privileges accrued to such an indorser by the commercial law."

At the time the certificate was indorsed in blank by the appellees in this case, there does not appear to have been anything said or done by them to limit or qualify their liability. Nor is there any evidence that the indorsement was not made at the inception of the instrument, and before its delivery to the payee. This certificate being a negotiable instrument,—the equivalent of a promissory note,—the decisions above are applicable to it.

The evidence tends to show that this indorsement in blank was made before the certificate was delivered to the payee thereof, and, there having been nothing, so far as the record shows, done or said at the time it was made to limit or qualify

it, the appellees are, according to the showing in the case, to be considered as original promisors, and not as indorsers entitled to demand and notice.

Judgment reversed, and cause remanded for a new trial.