LAKE *v.* LITTLE ROCK TRUST COMPANY.

Opinion delivered November 4, 1905.

1. NOTE—DEPRECIATION OF COLLATERAL AS DEFENSE.—In an action on a note evidence tending to show depreciation in the value of certain stock pledged as collateral security was properly excluded, in the absence of any showing that the holder of the note was under obligation to sell the stock if the note was not paid at maturity. (Page 55.)

2. SAME—INDORSEMENT BEFORE DELIVERY.—When one, in order to give the maker of a note credit with the payee, writes his name on the back of the note before delivery and acceptance thereof by the payee, he is to be considered, so far as the holder of such note is concerned, as a joint maker of the note, and liable as such. (Page 55.)

3.  SAME.—An agreement to "indorse" a note before delivery to the payee in order to induce the payee to lend money on the note is, in effect, an agreement to become a joint maker of the note.  (Page 56.)

Appeal from Faulkner Circuit Court; GEORGE M. CHAPLINE, Judge; affirmed.

*Campbell & Stevenson* and *W. D. Chew,* for appellants.

Smith's indorsement being without consideration as to time, it was error to give instruction No. 1; and it was error to exclude evidence as to the intention of the parties.  40 Ark. 454; 54 Ark. 97.  As an indorser he was entitled to notice of nonpayment. 57 Ark. 437.  It was the duty of appellee to protect the collateral, and not to hold it until greatly depreciated in value.  4 L. R. A. 586; *Ib.* 194.

*J. M. Moore* and *W. B. Smith,* for appellee.

The instructions declare the law as laid down in 24 Ark. 511, and 40 Ark. 545.  There was evidence to support the verdict. The pledgee is not bound to sell, but may sell the collateral or not at its option, if the debt it secures is not paid at maturity.  48 Ill. 345; 95 Am. Dec. 551; 11 Iowa, 410; 79 Am. Dec. 497; 27 Gratt. (Va.), 749; 145 U. S. 205; 66 Cal. 97; 147 Ill. 570; 50 Ill. App. 663; 65 Ga. 304; 87 Pa. St. 394; 7 Met. (Mass.) 407; 5 Barbour, 580; 6 Mo. App. 472; Jones on Pledges, § 728.  Appellants should have notified the bank to sell the collateral.  27 Grattan (Va.), 753; 145 U. S. 205.  The payee is not bound by an understanding between the indorsers of which it had no notice.  48 Ark. 459.

RIDDICK, J.  This is an action by the Little Rock Trust Company against E. H. Lake and E. H. Smith for the balance of $1,134.18 due on a promissory note.  This note for the sum of $5,000 was executed on the 6th day of September, 1902, and was made payable to the Bank of Little Rock, or order, on the first day of October following.  The signature to the note is as follows: "El Dorado Compress Co., by E. H. Lake, Pres't, E. H. Smith, Sec'y."  The names of E. H. Lake and E. H. Smith were also written by them on the back of the note.  When the note was delivered to the cashier of the bank, he at once transferred the note to the Little Rock Trust Company, which paid the bank the face value thereof in currency, and the bank gave credit

therefor as directed by the makers. To further secure the payment of the note, certain shares of the stock of the El Dorado Company were pledged with the note.

There was a judgment in the circuit court against both of the defendants for the balance due on the note. They appealed, and now contend that the judgment should be reversed.

In our opinion the court did not err in refusing to hear evidence tending to show that the value of the compress company stock pledged as collateral security for the payment of the note had depreciated while in the hands of the holders of the note. This evidence was immaterial unless the holder of the note and stock was under obligation to sell the stock if the debt was not paid at the maturity of the note. But there was nothing in the contract by which the stock was pledged that made it the duty of the bank or the trust company to sell such stock, and they were under no obligation to do so. The contract not only did not require the bank or trust company to sell the stock, but they were never requested or notified by defendants to sell it. Under these circumstances, it is very clear that plaintiff is not liable to defendant for any depreciation in the value of such stock, and the evidence tending to show depreciation was properly excluded. *Culver* v. *Wilkerson,* 145 U. S. 205; *Granite Bank* v. *Richardson,* 7 Metc. (Mass.) 407; Jones on Pledges, § 606.

The next and main contention of counsel for appellant is that the defendant Smith never indorsed the note until after it was delivered to the bank, and that, as he received no part of the money paid for the note, his indorsement was without consideration. If the undisputed evidence showed that this indorsement was made by Smith after the note was delivered, there would be much force in this contention, but there was conflict in the evidence on this point. The cashier of the bank and several other witnesses testified that, although this note was dated September 6, 1902, it was not delivered to the bank until two days later, and that, when delivered and accepted by the bank, the names of E. H. Lake and E. H. Smith were both indorsed on the back of the note. The presiding judge told the jury that the liability of Smith in the action depended on the question of whether or not he signed the note before it was accepted by the bank. The jury were instructed that, if Smith signed the note

before it was delivered to the bank, he was liable as one of the makers; but that, if the signature of Smith was not indorsed on the note until after it had been accepted by the bank and the money advanced on it, they should find in favor of the defendant Smith. The question submitted to the jury was whether Smith wrote his name on the note before or after its delivery to the bank. The verdict shows that the jury found that it was placed on the note before it was delivered to the bank. This finding is not only supported by the witnesses who testified for the plaintiff, but it is also in accordance with the agreement which defendant Lake testified that he made with the bank before the note was executed. Lake testified that when he went to the bank to borrow the five thousand dollars he told the cashier that he would give a note signed by the El Dorado Compress Company with 1600 shares of the compress company's stock attached as collateral, and that he and E. H. Smith would indorse the note. Now, why were he and Smith to indorse this note? Evidently, to add to the value of the note, and to induce the bank to lend money on it. But this court has repeatedly held that when one, in order to give the maker of a note credit with the payee, writes his name on the back of the note before delivery and acceptance thereof by the payee, he, so far as the holder of such note is concerned, is to be considered a joint maker of the note, and liable as such. *Heise* v. *Bumpass,* 40 Ark. 546; *Killian* v. *Ashley,* 24 Ark. 511.

The fact that Lake used the word "indorse," and told the bank that he and Smith would "indorse" the note, does not take this case out of the rule announced in the cases above cited, for an agreement to indorse the note before delivery to the payee in order to induce the payee to lend money on the note is, in effect, an agreement to become a joint maker of the note. There is a sharp conflict in the evidence as to whether Smith indorsed this note before or after its delivery to the bank, but that question was settled by the finding of the jury.

We find no error in the instructions, and the judgment is therefore affirmed.