## PROMISSORY NOTE SIGNED BY INDIVIDUALS BUT FOR CORPORATION.

Circuit Court of Cuyahoga County.

ROBERT E. McKISSON v. R. S. THOMAS.

Decided, March 20, 1911.

*Promissory Notes—Individuals Signing as Syndicate Managers, Liable —Collateral Security Must First be Applied.*

1. A promissory note reading: "we promise to pay," etc., and signed, "H. E. Everett, David Morrison, R. E. McKisson, as syndicate managers of the Cleveland Hippodrome Company," is the joint note of the individuals named.

2. A note with collateral security which provides, "In default of payment of this note, said collateral shall be applied on the payment of said note, or any part thereof, by the then owner of this note," requires the holder of the note to sell the stock, or apply it in reduction of the debt, if the debt is not paid at maturity, before bringing suit against the makers of the note.

*R. E. McKisson,* for plaintiff in error.
*Smith, Taft & Arter,* contra.

WINCH, J.; HENRY, J., and MARVIN, J., concur.

This was an action on a promissory note signed as follows: "H. A. Everett, David Morrison, R. E. McKisson, as syndicate managers of the Cleveland Hippodrome Company"; the body of the note reads: "we promise to pay," etc.

Judgment was against the makers of the note as individuals; plaintiff claims that the judgment should have been against the

Cleveland Hippodrome Company, which he says, was intended to be bound by the signatures.

We find no error in the judgment on this score. *General Code of Ohio,* Section 8125; *Titus* v. *Kyle,* 10 Ohio St., 444; *Collins* v. *Ins. Co.,* 17 Ohio St., 215; *Anderson* v. *Shoup, Trustee,* 17 Ohio St., 125; *Bank* v. *Cook,* 38 Ohio St., 442; *Robinson* v. *Bank,* 44 Ohio St., 441; *Reiff* v. *Mulholland,* 65 Ohio St., 178.

A certificate for one hundred shares of the preferred stock of the Cleveland Hippodrome Company was pledged as collateral security to the note, which also contained the following words: "In default of payment of this note, said certificate of preferred stock *shall* be applied, on the payment of said note, or any part thereof, by the then owner of this note."

The petition alleged that said stock was worthless, but the answer denied it. No evidence on this issue was introduced. We think the holder of the note, by the clause quoted, was under obligation to sell the stock, or apply it in reduction of the debt, if the debt was not paid at the maturity of the note, before suit could be brought against the makers thereof. The language here used is mandatory, and thus distinguishes this case from the case of *Lake* v. *Trust Co.,* 3 L. R. A. (N. S.), 1199, cited by counsel for defendant in error.

For this error the judgment will be reversed and the cause remanded for new trial, but not until the petition in error is amended by bringing in all parties to the judgment below as defendants in error in this court. The judgment below was a joint judgment and can not be reversed as to one of the defendants below without being reversed as to all of them.