HODGES *v.* COLLISON.

Opinion delivered January 18, 1915.

1. APPEALS—BILL OF EXCEPTIONS—AGREEMENT OF COUNSEL.—Section 1, of Act 218, General Acts 1911, provides that where counsel of record of the respective parties agree in writing upon the correctness of a bill of exceptions by endorsement thereon, the same shall become a part of the record to the same extent as if signed and approved by the circuit judge. *Held,* an endorsement of the following agreement on the bill of exceptions, was a sufficient compliance with the act: "We agree that this is a correct and true bill of exceptions of the case of W. A. H. plaintiff v. J. C. defendant, tried in the White Circuit Court this May 2, 1914," and signed by the attorneys of record of both plaintiff and defendant.

2. BILLS AND NOTES—ENDORSEMENT BEFORE DELIVERY.—One who endorses a promissory note before delivery to the payee will be held as a maker of the same.

Appeal from White Circuit Court; *J. M. Jackson,* Judge; reversed.

*John D. DeBois* and *W. A. Barnett,* for appellant.

1. The statute of limitations began to run from the date of the last payment on the notes, by any one of the joint makers or obligors. 68 Ark. 399; 34 *Id.* 44; 20 *Id.* 171; 50 *Id.* 229; 88 *Id.* 108; 64 *Id.* 80. Payment of interest or part of principal by one of the joint obligors of a note does not lessen or release any one of makers of a note. Kirby's Dig., § 5080.

2. Where parties sign a note, no matter where the name appears, at the same time, the parties are joint makers if they signed to give the note credit. This constitutes an original undertaking and all who sign are liable at maturity without notice. 24 Ark. 511; Tiedeman on Com. Paper, § 417, p. 690; 34 Ark. 524; 77 *Id.* 53.

3. Collison was not an endorser, and was not entitled to notice. Tiedeman on Com. Paper, § 415, p. 688; 24 Ark. 511. These joint obligations are not like those in 69 Ark. 67, nor 54 Ark. 97.

4. Collison assumed and undertook with Price to pay the notes and is liable. 126 Wis. 538; 5 A. & E. Annotated Cases, 435.

5. If appellee wanted close his further obligation he should have demanded action under the statute. Kirby's Dig., § § 7018-1021.

6. The five-year statute has not run against appellant. 107 Ark. 462.

*J. N. Rachels* and *John E. Miller,* for appellee.

1. There is no authenticated bill of exceptions and the judgment should be affirmed. Kirby's Digest, § 6225; Castle's Ann. Statutes, § 6225; 109 Ark. 120; 102 *Id.* 441; 51 *Id.* 280; 99 *Id.* 97; 101 *Id.* 84; 105 *Id.* 676; 100 *Id.* 244. See, also, 86 Ark. 360 and 84 *Id.* 95; 95 *Id.* 63; 31 *Id.* 725.

2. The presumption is therefore that the evidence sustained the verdict and jury properly instructed.

*DeBois & Barnett* in reply.

1. The argeement signed by the attorneys is positive, clear and certain and in strict conformity with the Act 218, at page 192, of Acts 1911. 109 Ark. 120.

HART, J. W. A. Hodges instituted two separate actions against J. Collison to recover on two promissory notes executed by R. M. Price and J. Collison. The two suits were consolidated before the justice of the peace and judgment was rendered for the plaintiff for the amount due on the notes. The defendant appealed to the circuit court and the case was there tried anew. There the fifty dollar note was introduced in evidence and is as follows:

"$50.00.        January 17, 1908.

"Sixty days after date I promise to pay to the order of W. A. Hodges, fifty dollars at Bald Knob, Arkansas, with 10% interest per annum. Value received.

"R. M. Price,
"J. Collison."

The following endorsements appear on the back of the note: "Credit by cash 1/21/09, $5.00; credit by cash 1/31/1910, $5.00; credit by cash, 1/1/1911, $5.00."

The one hundred dollar note was also introduced in evidence as is as follows:

"$100.00.        August 24, 1908.

January 1, 1909, after date we promise to pay to the order of W. A. Hodges, one hundred dollars at Bald Knob, Ark., with 10% interest per annum. Value received.

"Rufus M. Price."

This note is endorsed on the back, "J. Collison," and the following credits appear: "Credit by cash, 1/30/09, $3.50; credit by cash, 1/31/10, $5.00; credit by cash, 1/1/11, $15.00."

The plaintiff Hodges testified that R. M. Price made the payments endorsed on the back of each note and stated that the name of J. Collison was signed to the fifty dollar note and was endorsed on the back of the one hundred dollar note at the time Price delivered the notes to him. At the conclusion of the evidence the court instructed the jury to return a verdict for the defendant and judgment was rendered on that verdict. The plaintiff has appealed.

Section 1 of "An Act to regulate the practice incident to appeals to the Supreme Court in certain cases," reads as follows: "In all cases, except indictments charging a felony, where the parties to an action agree in writing upon the correctness of a bill of exceptions by endorsement thereon, signed by one or more counsel of record of the respective parties, it shall be the duty of the clerk of the court in which the case is pending, to at once file such agreed bill of exceptions and the same shall become a part of the record as fully, completely and effectively as

though approved, signed and ordered filed by order of the court or judge trying the cause. See General Acts 1911, page 192.

Pursuant to this act counsel for the plaintiff and defendant executed the following agreement: "We agree that this is a correct and true bill of exceptions of the case of *W. A. Hodges,* plaintiff, v. *J. Collison,* defendant, tried in the White Circuit Court. This May 2, 1914. John D. DeBois, Attorney for Plaintiff. Rachels & Miller, Attorneys for Defendant."

This agreement was endorsed upon the bill of exceptions and the bill of exceptions filed within the time fixed by the court for filing the same. It is now contended by counsel for the defendant that the agreement was not in compliance with the section of the statute above quoted.

(1) A comparison of the agreement endorsed upon the bill of exceptions with the language of section 1 of the act above quoted will show that in all essential respects it was in compliance with the act. The act provides, in effect, that where counsel of record of the respective parties agree in writing upon the correctness of a bill of exceptions by endorsement thereon the same shall become a part of the record to the same extent as if signed and approved by the circuit judge. The agreement in question was endorsed upon the bill of exceptions and it is expressly agreed that it is a true and correct bill of exceptions.

(2) The testimony shows that Price and J. Collison signed the fifty dollar note as makers; and also that J. Collison endorsed the one hundred dollar note on the back thereof before it had been delivered to the plaintiff Hodges. He was, therefore, a maker of the note. See *Nathan* v. *Sloan,* 34 Ark. 524; *Lake* v. *Little Rock Trust Co.,* 77 Ark. 53; *Kissire* v. *Plunkett-Jarrell Grocer Co.,* 103 Ark. 473, and cases cited.

It follows that the judgment will be reversed; and inasmuch as the facts have been fully developed, judgment will be entered here for the amount of principal

and interest on the two notes. That is to say, on the $50 note there is now due, including principal and interest, the sum of $70.00; and on the $100 note the sum of $140.47. Judgment will, therefore, be entered here for the aggregate amount due on the two notes, amounting to $210.47.