HARDY *v.* OUACHITA NATIONAL BANK OF MONROE.

Opinion delivered October 13, 1924.

1. BILLS AND NOTES—INDORSEMENT OF NOTE BEFORE DELIVERY.—One who indorses his name on a note before delivery and acceptance thereof by the maker is to be considered, so far as the holder of such note is concerned, as a joint maker of the note, and liable as such.

2. BILLS AND NOTES—INDORSEMENT PROCURED BY FRAUD.—Under the rule that, where one of two innocent persons must suffer the consequences of the fraud of a third person, he must bear the loss who put it in the power of the third person to perpetrate the fraud, one who is induced by the fraud of another to indorse a note of the latter, mistaking it for a piece of blank paper, is liable to a *bona fide* holder of the note.

Appeal from Cleveland Circuit Court; *Turner Butler,* Judge; affirmed.

*Woodson Mosley,* for appellant.

The signature of appellant was procured by fraud, and he is not therefore liable. 42 Ind. 227; 44 Ind. 70; 51 Mich. 553; 29 Wis. 194; 22 Mich. 479. Negotiability presupposes the existence of the instrument as having been made by the party whose name is subscribed thereto, and it is always competent to show that the instrument is not his. 53 N. E. 471. Appellant was not guilty of negligence in writing his name on the back of the note, under the circumstances of the case. 74 N. E. 1086.

*Bridges & Wooldridge,* for appellee.

Appellant was a general indorser before delivery, and his indorsement warranted that the note was genuine. C. & M. Digest, §§ 7831-32. By placing his name on same before delivery he incurs all the liability of an indorser. C. & M. Digest, § 7833; 116 Ark. 420; 146 Ark. 186. Appellee was the holder of the note for value. Section 7791, C. & M. Digest. He cannot assert fraud against an innocent holder. 118 Ark. 222; 94 Ark. 100; 3 R. C. L., § 320, p. 1105. The law would be the same if the contract was held to be a Louisiana contract. 128 La. 1008.

HART, J.   The Ouachita National Bank of Monroe, Louisiana, sued J. B. Hardy for $2,298.10 alleged to be due on a promissory note.

The note was introduced in evidence, and was dated February 15, 1921.  It was for $2,298.10, and was due December 15, 1921.  The note was signed "Smith Motor Sales Co., by J. P. Smith, Mgr."  No part of the note has ever been paid.

There was a judgment in favor of the bank against Hardy in the circuit court, and the case is here on appeal.

It is earnestly insisted by counsel for appellant that the circuit court erred in directing a verdict in favor of appellee.

The Smith Motor Sales Company was indebted to the Ouachita National Bank of Monroe, Louisiana, and the note sued on was given by it in renewal of an old note.  According to the evidence of the president, vice president, and cashier of the bank, they agreed to take the note sued on in renewal of the old note which evidenced the amount of the indebtedness of the Smith Motor Sales Company to the bank.  The bank declined to take the renewal note unless J. P. Smith would secure some one in good financial standing to indorse it.  Smith offered to get J. B. Hardy to indorse the note, and, after the officers of the bank found that he was a man of good financial standing, they told Smith that they would accept Hardy's indorsement of the note and give him an extension of time on his indebtedness.  They filled out a new note for the amount of the indebtedness, and gave it to Smith.  Smith returned the note to the bank with the blank indorsement of J. P. Hardy on the back of it.

Under these circumstances Hardy was an original promisor of the note.  This court has repeatedly held that when one, in order to give the maker of a note credit with the payee, writes his name on the back of the note before delivery and acceptance thereof by the payee, he is to be considered, so far as the holder of such note is concerned, as a joint maker of the note, and liable

as such. *Lake* v. *Little Rock Trust Co.*, 77 Ark. 53, and cases cited, and *Hodges* v. *Collison*, 116 Ark. 420.

But it is contended that Hardy is not liable as indorser on the note because his signature was obtained by fraud. On this point J. B. Hardy testified that J. P. Smith came to his place of business and asked him to sign a note for him; that he told Smith that he could not afford to do it; that finally Smith told him that he would like to get his name so that his father might address letters to him right; that Smith put a blank piece of paper on the table where he was writing, and that he wrote his name on it, and started to write his address; that Smith told him that he knew his address, and picked up the paper and walked away with it; that he never turned the paper over to see if there was any writing on the other side of it.

On this point all of the officers named above testified that Hardy admitted to them that the indorsement on the note bearing his signature was his genuine signature, and made the same explanation about signing the note as he had testified to. They all testified that the signature of Hardy on the back of the note was there before Smith delivered the note to them and before they accepted it in renewal of Smith's past indebtedness. They had nothing whatever to do with getting Hardy to indorse the note. They did not know him, and only made inquiries about his financial condition after Smith had offered him as an indorser on the note.

There is nothing in the record tending to show that any of the officers of the bank had anything whatever to do with procuring the indorsement of Hardy to the note. As far as the bank is concerned, Hardy signed the note as an indorser, and is liable on his indorsement, under the authorities cited above. He cannot be relieved from liability because of any fraud practiced by Smith in procuring his indorsement, unless such fraud was known to the bank before it accepted the note containing the indorsement, or the bank in some way participated in the fraud. Hardy, by carelessly indorsing the

note, put it in the power of Smith to deliver the note to the bank and thereby secure an extension of his existing indebtedness. The rule is that, where one of two innocent persons must suffer the consequences of the fraud of a third person, he must bear the loss who put it in the power of the third person to perpetrate the fraud.

The note was signed in Arkansas, but was payable in Louisiana. If it should be considered as a Louisiana contract, the law would be the same. *Hackley State Bank* v. *Magee,* 128 La. 1008.

It follows that the judgment must be affirmed.