LOUIS GLASSER, Respondent, v. TOKE GUTSON BORGLUND, Defendant, and STREAMLINE TRANSPORTATION CORPORATION, Appellant.— In an action to recover for personal injuries, order granting plaintiff's motion to examine the defendant corporation as an adverse party, by its chauffeur-employee, reversed on the law, with ten dollars costs and disbursements, and the motion denied, without costs,

without prejudice to an application for an examination of the former employee as a witness under section 288 of the Civil Practice Act, if the plaintiff be so advised. It appears from the affidavit of an attorney associated with the attorneys for the defendant corporation that the chauffeur sought to be examined is not now and for some time past has not been employed by the defendant corporation. The affidavit is made on information and belief, and states the sources thereof; and is sufficient in our opinion to impose upon the moving party the burden of showing the existence of facts entitling him to the examination. (*Lovasz* v. *Fowler*, 209 App. Div. 169.) This burden has not been met, and under section 289 of the Civil Practice Act the court is without power to order the examination of the defendant corporation as an adverse party by a former employee. (*McGowan* v. *Eastman*, 271 N. Y. 195, and cases cited therein.) Lazansky, P. J., Young, Hagarty, Adel and Taylor, JJ., concur.