■ ANTHONY R. BENNICE, Respondent, v LAKESHORE SAVINGS & LOAN ASSOCIATION, Appellant, et al., Defendant. [677 NYS2d 842] —Order insofar as appealed from unanimously reversed on the law without costs, motion granted and complaint against defendant Lakeshore Savings & Loan Association dismissed. Memorandum: Supreme Court erred in denying the motion of Lakeshore Savings & Loan Association (defendant) for summary judgment dismissing the complaint against it. Defendant established as a matter of law that it had no duty to inform plaintiff of the tax consequences of rolling over the proceeds from liquidation of a tax deferred annuity into an IRA account, and plaintiff failed to raise an issue of fact warranting a trial.

Absent the existence of a special relationship of trust and confidence, a bank has no duty to inform a customer or deposi-

tor of the tax consequences of a transaction (*see, Hurley v TCF Banking & Sav.*, 414 NW2d 584 [Minn App]; *Pardue v Bankers First Fed. Sav. & Loan Assn.*, 175 Ga App 814, 334 SE2d 926; *see also, Bowes v National City Bank*, 169 Misc 78, 82; *Klein v First Edina Natl. Bank*, 293 Minn 418, 422, 196 NW2d 619, 623; *Blon v Bank One*, 35 Ohio St 3d 98, 101, 519 NE2d 363, 367-368; *Walker v First State Bank*, 849 SW2d 337 [Tenn App]). The relationship between a bank and its depositor is that of debtor and creditor (*see, Merrill Lynch, Pierce, Fenner & Smith v Chemical Bank*, 57 NY2d 439, 444; *Critten v Chemical Natl. Bank*, 171 NY 219, 224), which, without more, is not a fiduciary or special relationship (*see, Marine Midland Bank v Hallman's Budget Rent-A-Car*, 204 AD2d 1007, 1008; *Bank Leumi Trust Co. v Block 3102 Corp.*, 180 AD2d 588, 589, *lv denied* 80 NY2d 754). The fact that a person has been a customer of the bank for several years or is acquainted with a bank officer or employee is insufficient to create a special relationship of trust and confidence (*see, Manufacturers Hanover Trust Co. v Yanakas*, 7 F3d 310, 318; *Klein v First Edina Natl. Bank, supra*, 293 Minn, at 422, 196 NW2d, at 623; *see also, Chimento Co. v Banco Popular*, 208 AD2d 385, 386). The deposition testimony of plaintiff, viewed in the light most favorable to him, failed to raise an issue of fact whether the employees or officers of defendant knew that plaintiff had placed his trust and confidence in them and was relying upon them for advice concerning the tax consequences of the transaction (*see, ADT Operations v Chase Manhattan Bank*, 173 Misc 2d 959, 963-964; *Manufacturers Hanover Trust Co. v Yanakas, supra*, at 318; *Klein v First Edina Natl. Bank, supra*, 293 Minn, at 422, 196 NW2d, at 623). (Appeal from Order of Supreme Court, Chautauqua County, Gerace, J.—Summary Judgment.) Present—Pine, J. P., Hayes, Wisner, Balio and Boehm, JJ.