■ MARILYN DI PRIMA, Respondent, v KENNETH DI PRIMA et al., Defendants, and BENJAMIN B. HERSH, Appellant. — In an action to recover damages, *inter alia,* for a violation of Judiciary Law § 487 (1) defendant Hersh appeals, as limited by his notice of appeal and brief, from so much of a judgment of the Supreme Court, Westchester County (Kelly, J.), dated October 3, 1983, as (1) granted plaintiff Marilyn Di Prima treble damages against him; (2) enjoined and restrained Hersh from making any transfer or other disposition of a certain mortgage and bond and from further enforcing his rights as assignee of the mortgage and the bond without prejudice to his right, if so advised, to apply to the court's matrimonial part to modify plaintiff's rights under a judgment of divorce to exclusive possession of the marital premises; (3) denied Hersh's motion to dismiss the action for failure to establish a prima facie case; and (4) denied that portion of Hersh's motion which was to dismiss the action at the close of the evidence.

Judgment modified, on the law and the facts, by deleting the provision awarding treble damages to the plaintiff against defendant Hersh. As so modified, judgment affirmed insofar as appealed from, with costs to the plaintiff.

While there is evidence in the record to support Trial Term's conclusion that defendant Hersh violated Judiciary Law § 487 (1) in that he engaged in "deceit or collusion, or consent[ed] to any deceit or collusion, with intent to deceive the court or any party", plaintiff failed to prove she was injured as a result of the deceit or collusion. The damages awarded, which were trebled pursuant to section 487, were based upon the expenses plaintiff incurred for her family's medical bills, fuel, utility costs, maintenance, unpaid real estate taxes on the marital residence and support arrears. These damages were patently the result of plaintiff's husband's failure to fulfill his obligations under the divorce decree and cannot be charged to defendant Hersh, the attorney for plaintiff's husband, based on deceitful conduct which ultimately did not affect the husband's duty to make such payments or his decision to cease such payments. The same conclusion would be reached under a conspiracy to defraud or deceive theory inasmuch as plaintiff failed to prove the causality and damages elements of a fraud cause of action (*see generally,* 24 NY Jur, Fraud and Deceit, §§ 191, 196).

On the other hand, we find that Trial Term properly enjoined defendant Hersh from making any transfer or other disposition of the mortgage on the Di Prima marital residence. The evidence indicates that the residence was subject to foreclosure only because plaintiff's husband failed to pay the carrying costs in violation of the judgment of divorce and that when foreclosure was imminent, he requested the mortgage bank to assign the mortgage to his attorney, defendant Hersh. In purchasing the mortgage and saving the house from foreclosure, Hersh was in effect righting a situation which his principal had created. Hence, in order to maintain the status quo ante and protect plaintiff and her children's possessory right in the marital residence under the judgment of divorce, Trial Term could impose, in the exercise of its equitable powers, an injunction to prevent transfer of the mortgage (28 NY Jur, Injunctions, §§ 36, 41; 4 Pomeroy's Equity Jurisprudence [5th ed], § 1341 *et passim*).

Finally, we note that while civil damages under the Judiciary Law cannot be sustained against Hersh, this attorney has nevertheless undeniably engaged in activity with intent to deceive the court. Accordingly, the matter has been referred to the Grievance Committee for appropriate action. Brown, J. P., O'Connor, Lawrence and Eiber, JJ., concur.