■ LISA MICHALIC and Others, Infants, by SUSAN NAKOVICS, Their Mother and Natural Guardian, et al., Appellants, v ALAN KLAT et al., Individually and as Copartners Doing Business as ROCKVILLE CONSULTATION CENTER, et al., Defendants, and BARTON R. RESNICOFF et al., Individually and as Copartners Formerly Doing Business as MEYERSON, RESNICOFF & BRAWER, Respondents.—In an action to recover damages, inter alia, for a violation of Judiciary Law § 487 (1), negligence and prima facie tort, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Roncallo, J.), dated December 23, 1985, which granted the motion of the defendants Barton R. Resnicoff and Marc H. Brawer, individually and as copartners formerly doing business under the firm name of Meyerson, Resnicoff & Brawer, to dismiss the second, third and fourth causes of action asserted in the first amended verified complaint as against them.

Ordered that the order is affirmed, with costs.

This multifaceted action was commenced by the plaintiff mother, Susan Nakovics, against numerous defendants, following her protracted and bitter battle with the defendant father, Dennis Michalic, for the custody of the three plaintiff children, to wit, Lisa, Jennifer and Heather Michalic. Prior to the entry of an order of the Family Court, Queens County (Gallet, J.), dated March 28, 1985, which ultimately awarded custody of the three children to the plaintiff mother, the father's present wife, the defendant Carol Michalic, commenced a proceeding, which she later discontinued, in the Surrogate's Court, Queens County, for the adoption of Lisa Ann Michalic, the oldest of the three children. The defendants Barton R. Resnicoff and Marc H. Brawer, formerly doing business under the name of Meyerson, Resnicoff & Brawer, are the attorneys who represented the defendant father and his current wife in various proceedings concerning custody, visitation and the adoption matter.

In this action, the plaintiffs essentially allege that the defendant attorneys, acting in collusion with the father and

his second wife, intentionally, knowingly, maliciously, or with reckless negligence, interfered with the mother's relationship with the children, causing mental and emotional distress. Specifically, with respect to the adoption proceeding, the plaintiffs claim that the defendant attorneys knowingly prepared the petition and supporting papers falsely claiming that the mother abandoned her daughter Lisa, thereby misrepresenting material facts with the intent to deceive the court.

The subject of this appeal concerns the three causes of action asserted against the defendant attorneys which were dismissed by Special Term upon their motion. In particular, the amended verified complaint asserted as a second cause of action that those defendants violated Judiciary Law § 487 (1), which provides that an attorney may be held liable for treble damages if he "[i]s guilty of any deceit or collusion * * * with intent to deceive the court or any party". The third cause of action charges the defendant Resnicoff with acting recklessly and negligently in drawing certain petitions and affidavits. The fourth cause of action alleges, *inter alia,* that the actions of the defendant attorneys constituted malpractice, or in the alternative, seeks damages on a theory of prima facie tort, claiming that by reason of the attorneys' actions, the plaintiffs suffered mental and emotional anguish causing the plaintiff mother to incur great expenses for legal and medical fees.

Inasmuch as the defendant attorneys were acting on behalf of their clients, even with a liberal reading of the allegations in the causes of action asserted in the amended complaint, the attorneys' conduct cannot fairly be considered as fraudulent, malicious, tortious, or the proximate cause of the plaintiffs' claimed damages. As such, Special Term properly dismissed the second cause of action predicated upon alleged violations of Judiciary Law § 487 (1) *(see, e.g., Di Prima v Di Prima,* 111 AD2d 901). With respect to the plaintiffs' causes of action based upon simple negligence, the lack of privity between the plaintiffs and the defendant attorneys presents a fatal defect in the plaintiffs' pleadings, since New York law does not recognize any liability on the part of an attorney to a non-client third party for injuries sustained as a result of an attorney's actions in representing his client absent fraud, collusion, or a malicious or tortious act *(see, Calamari v Grace,* 98 AD2d 74, 79; *Chelsea Marina v Scoralick,* 94 AD2d 189; *Singer v Whitman & Ransom,* 83 AD2d 862).

Finally, we also agree with Special Term that the amended complaint does not allege a cause of action to recover damages for a prima facie tort; that is, " 'the intentional malicious

injury to another by otherwise lawful means without economic or social justification, but solely to harm [another]' " *(Drago v Buonagurio,* 46 NY2d 778, 779, quoting from *Morrison v National Broadcasting Co.,* 24 AD2d 284, 287, *revd on other grounds* 19 NY2d 453; *see, Ginsberg v Ginsberg,* 84 AD2d 573, 574). Mollen, P. J., Weinstein, Eiber and Sullivan, JJ., concur.