■ ESTA VARON, Respondent, v GARY ANNINO et al., Appellants, et al., Defendants.—In an action, *inter alia,* for specific

performance of a contract to convey real property, the defendants, Gary Annino and Citibank, N. A., appeal from an order of the Supreme Court, Queens County (Katz, J.), dated July 7, 1989, which denied their motion for summary judgment.

Ordered that the order is reversed, on the law, with one bill of costs, and the motion for summary judgment is granted.

The defendant Doris Ciervo was the owner of property located in Queens. On February 24, 1986, she contracted with the defendant Gary Annino to sell the property to him. Three days later on February 27, 1986, she contracted with the plaintiff Esta Varon to sell the same property to her. Neither contract was recorded.

In a separate action, the plaintiff sued Ciervo, seeking, *inter alia,* specific performance of her contract with Ciervo *(see, Varon v Ciervo,* 170 AD2d 446 [decided herewith]).

The plaintiff thereafter commenced this action against Gary Annino, George Annino (Gary Annino's father who rented the property from Doris Ciervo), Citibank, Doris Ciervo, and Joseph Turturo, the second mortgagee, in which she also sought, *inter alia,* specific performance of the contract between her and Ciervo.

Citibank and Gary Annino jointly moved for summary judgment in this action. The Supreme Court denied their motion. We reverse.

When two or more prospective buyers contract with a prospective seller for the sale of the same property, Real Property Law §§ 291 and 294 give priority to the prospective buyer whose conveyance or contract is first duly recorded. The record clearly establishes that the plaintiff executed her contract with Ciervo three days *after* the Annino contract was executed. As the subsequent purchaser, the plaintiff had to record her contract first in order to prevail. The plaintiff's contract, however, was never recorded, nor did the plaintiff ever acquire a deed to the property. Annino recorded his deed on September 4, 1986. Having failed to avail herself of either Real Property Law §§ 291 or 294, the plaintiff may not successfully claim that her filing of a notice of pendency serves as a substitute therefor. Such notices have as their general object the preservation of existing property rights and do not affect the merits of those interests *(see, La Marche v Rosenblum,* 50 AD2d 636). Thompson, J. P., Brown, Kunzeman and Rosenblatt, JJ., concur.