■ ESTA VARON, Respondent, v DORIS CIERVO, Defendant, and CITIBANK, N. A., Nonparty Appellant.—In an action, *inter*

*alia,* for specific performance of a contract to convey real property, nonparty Citibank, N. A., appeals from an order of the Supreme Court, Queens County (Santucci, J.), dated January 23, 1989, which denied its motion to strike a notice of pendency and granted the plaintiff's cross motion to deem the proof of service of her summons and complaint properly filed nunc pro tunc.

Ordered that the order is affirmed, with costs.

The defendant Doris Ciervo was the owner of property located in Queens. On February 24, 1986, she contracted with Gary Annino to sell the property to him *(see, Varon v Annino,* 170 AD2d 445 [decided herewith]). Three days later on February 27, 1986, she contracted with the plaintiff Esta Varon to sell the same property to her. Neither contract was recorded.

The plaintiff commenced this action, seeking, *inter alia,* specific performance of her contract with Ciervo. The plaintiff filed a notice of pendency, as well as a summons and complaint with the County Clerk of Queens County. Two days later Ciervo was served with the summons and complaint. However, the affidavit of service was not filed until almost four months later. Ciervo never answered or appeared in the action, and the plaintiff subsequently moved for summary judgment, which was granted. After an inquest, the court directed that Ciervo deliver a deed to the plaintiff. Ciervo, however, no longer held title to the property, as she had previously transferred it to Gary Annino, who gave Citibank a mortgage.

Citibank moved to cancel the notice of pendency on the ground that because the affidavit of service was not filed until almost four months after Ciervo was served, the plaintiff failed to comply with the statutory mandates of CPLR 6512 and 6514. The plaintiff cross-moved for an order deeming that proof of service was properly filed nunc pro tunc. The Supreme Court denied Citibank's motion, and granted the plaintiff's motion. We now affirm.

The Supreme Court correctly found that the untimely filing of proof of service does not establish a basis to vacate the notice of pendency. CPLR 6512 provides that service of process must be made within 30 days of filing of a notice of pendency. If service is by publication, first publication of the summons must be made within 30 days of the filing and publication must subsequently be completed in order to keep the notice of pendency alive *(see,* CPLR 6512). When, as here, substituted service under CPLR 308 (4) is utilized, the "nailing and

mailing" must occur within the 30-day period, but proof of service necessary to establish the completion date may be filed thereafter. The provision of CPLR 6514 (a) that the court will cancel a notice of pendency "if service of a summons has not been completed within the time limited by section 6512", does not alter this conclusion. The term "completed" in CPLR 6514 means only what it meant in CPLR 6512; it refers solely to service by publication. In no case does it refer to the filing of proof of service, inasmuch as the filing of such proof is ministerial and never affects the validity of service (see, McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C6512:1, at 457-458). Thompson, J. P., Brown, Kunzeman and Ritter, JJ., concur.