■ JUDITH CHASANOFF, Appellant, v EDWARD PERLBERG, Respondent. [798 NYS2d 116]—

In an action, inter alia, to recover damages for fraud and breach of fiduciary duty, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Austin, J.), entered March 26, 2004, as granted the defendant's motion for summary judgment dismissing the causes of action to recover damages for fraud and breach of fiduciary duty.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendant established his prima facie entitlement to judgment as a matter of law by offering evidence that the plaintiff, his sister, did not rely on any material misrepresentations he allegedly made through his counsel. Thus, the plaintiff did not adequately plead a cause of action alleging fraud (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]). In opposition, the plaintiff did not raise a triable issue of fact (*see Zuckerman v City of New York,* 49 NY2d 557, 563 [1980]).

Similarly, the defendant established his prima facie entitle-

ment to judgment as a matter of law on the cause of action to recover damages for breach of fiduciary duty by offering competent evidence that there was no fiduciary relationship between him and the plaintiff. The plaintiff placed no particular trust or confidence in the defendant's integrity or fidelity, nor did she rely on his superior expertise or knowledge in the matter of their mother's estate (*see Northeast Gen. Corp. v Wellington Adv.*, 82 NY2d 158, 173 [1993]; *Matter of Marocchi*, 117 AD2d 670, 672 [1986]). Furthermore, the defendant offered evidence that he possessed no superior knowledge that was not readily available to the plaintiff (*see Aaron Ferer & Sons Ltd. v Chase Manhattan Bank, Natl. Assn.*, 731 F2d 112, 123 [1984]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Zuckerman v City of New York, supra*).

The plaintiff's remaining contentions are without merit. Florio, J.P., Krausman, Spolzino and Lifson, JJ., concur.