■ John Curry, Appellant-Respondent, v James A. Dollard et al., Respondents-Appellants, New York City Employees Retirement System, Respondent, et al., Defendants. [862 NYS2d 54]—

In an action, inter alia, to recover damages for fraud, (1) the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Schneier, J.), dated September 20, 2006, as granted those branches of the motion of the defendants James A. Dollard and Marazzo & Dollard which were pursuant to CPLR 3211 (a) to dismiss the causes of action alleging malicious prosecution, abuse of process, fraud, prima facie tort, and unjust enrichment and the demand for punitive damages insofar as asserted against them, and the defendants James A. Dollard and Marazzo & Dollard cross-appeal from so much of the same order as denied those branches of their motion which were pursuant to CPLR 3211 (a) to dismiss the causes of action alleging intentional infliction of emotional distress and violation of Judiciary Law § 487 insofar as asserted against them, and (2) the plaintiff appeals from so much of an order of the same court dated April 6, 2007, as denied his motion for leave to replead the malicious prosecution cause of action to allege special damages in connection therewith.

Ordered that the order dated September 20, 2006 is affirmed insofar as appealed from; and it is further,

Ordered that the order dated September 20, 2006 is reversed insofar as cross-appealed from, and those branches of the motion of the defendants James A. Dollard and Marazzo & Dollard which were pursuant to CPLR 3211 (a) to dismiss the causes of action alleging intentional infliction of emotional distress and violation of Judiciary Law § 487 insofar as asserted against them are granted; and it is further,

Ordered that the order dated April 6, 2007 is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondents-appellants, payable by the appellant-respondent.

The defendants James A. Dollard and Marazzo & Dollard (hereinafter the defendants) represented the plaintiff's ex-wife in a divorce proceeding. In his complaint, the plaintiff alleged that the defendants had submitted a qualified domestic relations order (hereinafter QDRO) regarding the division of his pension to the court without his knowledge, and represented to the court that the order was on consent. As a result, the plaintiff alleged that he had suffered economic and emotional damage in light of his efforts over the next several years attempting to vacate the QDRO. The complaint asserted causes of action alleging malicious prosecution, abuse of process, fraud, intentional infliction of emotional distress, prima facie tort, unjust enrichment, and violation of Judiciary Law § 487, and made a claim for punitive damages. The Supreme Court dismissed all of the causes of action pursuant to CPLR 3211 (a) (7) except for those alleging intentional infliction of emotional distress and violation of Judiciary Law § 487.

In considering a motion to dismiss pursuant to CPLR 3211 (a) (7), the court must accept as true the facts alleged in the complaint and afford the plaintiff the benefit of every possible favorable inference in determining whether the complaint states any legally cognizable cause of action (see Schenkman v New York Coll. of Health Professionals, 29 AD3d 671, 672 [2006]). Applying that standard here, the Supreme Court properly found that the plaintiff failed to state causes of action to recover damages for malicious prosecution, abuse of process, fraud, prima facie tort, and unjust enrichment. Moreover, it properly determined that there was no basis for the plaintiff's claim for punitive damages.

However, the Supreme Court improperly denied that branch of the defendants' motion which was to dismiss the cause of action alleging intentional infliction of emotional distress. The

conduct alleged in the complaint is not "so extreme and outrageous that it transcends the bounds of decency in a civilized society" (*Schwegel v Chiaramonte,* 4 AD3d 519, 520 [2004]).

In addition, the Supreme Court should have dismissed the plaintiff's cause of action pursuant to Judiciary Law § 487. A motion to dismiss pursuant to CPLR 3211 (a) (1) is properly granted where "the documentary evidence utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (*Goshen v Mutual Life Ins. Co. of N.Y.,* 98 NY2d 314, 326 [2002]). A violation of Judiciary Law § 487 requires, among other things, an act of deceit by an attorney, with intent to deceive the court or any party (*see Michalic v Klat,* 128 AD2d 505, 506 [1987]; *Di Prima v Di Prima,* 111 AD2d 901 [1985]).

Here, the plaintiff alleged that defendants' filing of the QDRO and repeated assertions that it was submitted "on consent" constituted a fraud upon the court. The documents submitted by the defendants in support of the motion, however, "utterly refute" the plaintiff's claim of fraud by establishing that the plaintiff's attorney of record had been served with the proposed QDRO approximately six weeks prior to its entry. Although the plaintiff claims that he was unaware of this QDRO until "sometime in 1998," he does not specifically deny that his attorney was duly served. In addition, the plaintiff's second attorney of record confirmed that the first attorney was duly served.

Further, it is clear that by the plaintiff's numerous attempts to amend or vacate the QDRO since December 1999 that the courts have been fully briefed on the history of the case and are aware of the plaintiff's assertion that the defendant attorneys acted with deceit by misrepresenting the origin and veracity of the QDRO (*see Melnitzky v Owen,* 19 AD3d 201 [2005]). In January 2005 this Court ordered that the QDRO be modified to conform to the original decision and judgment of divorce. This substantive modification of the QDRO was not based on the discovery of any deceitful conduct within the meaning of Judiciary Law § 487, but rather because this Court determined that the terms of the QDRO were inconsistent with the judgment of divorce upon which it was premised. Although this Court determined that the QDRO had to be modified, the portion of the judgment of divorce addressing the QDRO was sufficiently vague to permit conflicting interpretations. Therefore, since the defendants were advocating a reasonable interpretation of the QDRO most favorable to their clients (*see Michalic v Klat,* 128 AD2d 505 [1987]), their conduct cannot fairly be considered deceitful or fraudulent.

Finally, the plaintiff's proposed cause of action repleading the facts underlying his allegations of malicious prosecution was still insufficient to state a cognizable cause of action. Accordingly, the court properly denied his motion for leave to replead (*see Whitney-Carrington v New York Methodist Hosp.*, 289 AD2d 326 [2001]). Spolzino, J.P., Angiolillo, Balkin and Leventhal, JJ., concur.