In an action, inter alia, to recover damages for breach of contract, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Feinman, J.), dated September 21, 2007, as denied those branches of its motion which were pursuant to CPLR 3211 (a) (7) to dismiss the second and third causes of action for failure to state a cause of action or pursuant to CPLR 3212 for summary judgment dismissing those causes of action.
Ordered that the order is reversed insofar as appealed from, on the law, with costs, those branches of the defendant’s motion which were pursuant to CPLR 3211 (a) (7) to dismiss the second and third causes of action for failure to state a cause of action are granted, and those branches of the motion which were pursuant to CPLR 3212 for summary judgment dismissing those causes of action are denied as academic.
The Supreme Court erred in denying that branch of the defendant’s motion which was pursuant to CPLR 3211 (a) (7) to dismiss the second cause of action, seeking punitive damages, for failure to state a cause of action. New York does not recognize an independent cause of action for punitive damages (see Aronis v TLC Vision Ctrs., Inc., 49 AD3d 576 [2008]). Therefore, the plaintiffs failed to state a cause of action upon which relief may be granted, as they are unable to assert an underlying cause of action upon which a demand for punitive damages can be grounded (see Cinderella Holding Corp. v Calvert Ins. Co., 265 AD2d 444 [1999]).
Contrary to the plaintiffs’ contention, punitive damages are not recoverable in an ordinary breach of contract case, as their purpose is not to remedy private wrongs but to vindicate public rights. Punitive damages are only recoverable where the breach of contract also involves a fraud evincing a high degree of moral turpitude, and demonstrating such wanton dishonesty as to imply a criminal indifference to civil obligations, and where the conduct was aimed at the public generally (see New York Univ. v Continental Ins. Co., 87 NY2d 308, 315-316 [1995]; Rocanova v Equitable Life Assur. Socy. of U.S., 83 NY2d 603, 613 [1994]). Punitive damages are available where the conduct associated with the breach of contract is first actionable as an independent tort for which compensatory damages are ordinarily available, and is sufficiently egregious to warrant the additional imposi *759 tion of exemplary damages. A party must demonstrate not only egregious tortious conduct, but also that such conduct was part of a pattern of similar conduct directed at the public generally (see New York Univ. v Continental Ins. Co, 87 NY2d at 316; Rocanova v Equitable Life Assur. Socy. of U.S., 83 NY2d at 613). Here, the defendant showed that its conduct was not egregious or of high moral turpitude, and thus was not actionable as an independent tort. Furthermore, there is no evidence of a pattern of egregious conduct directed toward the public at large.
The Supreme Court also erred in denying that branch of the defendant’s motion which was pursuant to CPLR 3211 (a) (7) to dismiss the third cause of action, alleging negligent and intentional infliction of emotional distress, for failure to state a cause of action. To establish liability for the intentional infliction of emotional distress, the plaintiffs were required to show that the defendant’s conduct was “so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency” (Ruggiero v Contemporary Shells, 160 AD2d 986, 987 [1990]; see Freihofer v Hearst Corp., 65 NY2d 135, 143 [1985]). That same test has been applied to causes of action for the negligent infliction of emotional distress (see Chime v Sicuranza, 221 AD2d 401 [1995]; Burrell v International Assn. of Firefighters, 216 AD2d 346 [1995]). Here, accepting the allegations of the complaint as true, they do not allege conduct so outrageous in character, and so extreme in degree, as to state a cause of action for negligent or intentional infliction of emotional distress (see Curry v Dollard, 52 AD3d 642 [2008]).
In light of our determination, we need not reach the parties’ remaining contentions. Lifson, J.E, Santucci, Balkin and Belen, JJ., concur.