■ TRIBECA LENDING CORPORATION, Respondent, v GREGORY BARTLETT, Appellant. [923 NYS2d 451]—

Order, Supreme Court, New York County (Edward H. Lehner, J.), entered August 18, 2009, which, upon reargument, adhered to the original determination denying defendant's motion to vacate a judgment of foreclosure and sale, unanimously affirmed, without costs.

Defendant demonstrated neither a reasonable excuse for his default nor a meritorious defense to this action (*see* CPLR 5015 [a] [1]). His excuse that the attorney he hired did not represent his interests does not address his own numerous failures preceding his alleged hiring of the attorney. Indeed, defendant's personal check made payable to counsel is dated nearly eight months after the judgment had been entered in plaintiff's favor. Defendant's vague assertion of "predatory lending," even construed liberally to invoke Banking Law former § 6-*l* (*see* L 2007, ch 552, § 1), fails to demonstrate a meritorious defense, because the loan at issue does not fall within the parameters of a high-cost home loan as defined by that statute. Similarly, defendant's argument that plaintiff orally promised to provide him with a second loan to finance his purchase of the property is without merit. Such an agreement would be void unless memorialized, pursuant to the statute of frauds (*see* General Obligations Law §§ 5-701, 5-703), and defendant did not allege, much less show, that plaintiff's promise was memorialized.

To the extent that defendant's motion to vacate can be construed as based on lack of jurisdiction, pursuant to CPLR 5015 (a) (4), the motion fails because defendant formally appeared in this action in June 2007 when he served an answer (*see* CPLR 320). The fact that an order was entered in January 2008 striking his answer does not vitiate defendant's formal appearance or divest the court of personal jurisdiction over him. Concur—Mazzarelli, J.P., Sweeny, DeGrasse, Richter and Manzanet-Daniels, JJ.