Kevin Kerveng Tung, P.C., Appellant, v JP Morgan Chase & Co. et al., Respondents. [963 NYS2d 145]—

In an action to recover damages for negligence and fraudulent concealment, the plaintiff appeals (1) from an order of the Supreme Court, Queens County (Grays, J.), entered November 10, 2011, which granted the defendants' motion to dismiss the complaint pursuant to CPLR 3211 (a) (7), and (2), as limited by its brief, from so much of an order of the same court entered April 17, 2012, as denied that branch of its motion which was for leave to renew its opposition to the defendants' motion to dismiss the complaint pursuant to CPLR 3211 (a) (7).

Ordered that the order entered November 10, 2011, is affirmed; and it is further,

Ordered that the order entered April 17, 2012, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendants.

On January 6, 2011, the plaintiff allegedly received a cashier's check from a third party in the amount of $295,500, and deposited that check into its Interest On Lawyer Account Fund (hereinafter IOLA) bank account at Citibank. The cashier's check purportedly was drawn on the defendant JP Morgan Chase Bank, N.A., a subsidiary of the defendant JP Morgan Chase & Co. Relying on the validity of the cashier's check, the plaintiff transferred the sum of $272,250 from its IOLA account to another third party on January 7, 2011. On January 12, 2011, the defendants allegedly dishonored payment on the cashier's check. The plaintiff commenced this action against the defendants to recover damages for negligence and fraudulent concealment, alleging, among other things, that the defendants were

negligent in failing to safeguard their cashier's checks, in failing to inform the public that forged or counterfeit checks bearing the defendants' names were being circulated throughout the banking system, and in failing to investigate the matter after receiving the subject cashier's check for deposit.

The Supreme Court granted the defendants' motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action. Thereafter, as relevant to this appeal, the Supreme Court denied the plaintiff's motion for leave to renew its opposition to the defendants' motion.

On a motion pursuant to CPLR 3211 (a) (7), a court must "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *see AG Capital Funding Partners, L.P. v State St. Bank & Trust Co.*, 5 NY3d 582, 591 [2005]; *Paramount Transp. Sys., Inc. v Lasertone Corp.*, 76 AD3d 519, 520 [2010]; *JP Morgan Chase v J.H. Elec. of N.Y., Inc.*, 69 AD3d 802, 803 [2010]).

Although a court may "consider evidentiary material submitted by a defendant in support of a motion to dismiss pursuant to CPLR 3211 (a) (7)" (*Sokol v Leader*, 74 AD3d 1180, 1181 [2010]), the plaintiff correctly contends that the Supreme Court should not have considered an affidavit which was submitted to establish that the subject cashier's check was counterfeit, rather than stolen, since that evidence was improperly submitted by defendants for the first time in their reply papers (*see Cotter v Brookhaven Mem. Hosp. Med. Ctr., Inc.*, 97 AD3d 524, 525 [2012]; *David v Bryon*, 56 AD3d 413, 414 [2008]; *Barrera v MTA Long Is. Bus*, 52 AD3d 446 [2008]; *Hoyte v Epstein*, 12 AD3d 487 [2004]; *Voytek Tech. v Rapid Access Consulting*, 279 AD2d 470, 471 [2001]). Nonetheless, even without considering this affidavit, the defendants were entitled to dismissal of the complaint for failure to state a cause of action.

The plaintiff's first three causes of action were premised upon the theory that it suffered damages as a result of the defendants' negligence. "To establish a cause of action sounding in negligence, a plaintiff must establish the existence of a duty on defendant's part to plaintiff, breach of the duty and damages" (*Greenberg, Trager & Herbst, LLP v HSBC Bank USA*, 17 NY3d 565, 576 [2011]; *see Akins v Glens Falls City School Dist.*, 53 NY2d 325 [1981]; *Stukas v Streiter*, 83 AD3d 18, 23 [2011]). As relevant here, "[t]he duty of a payor bank . . . to a noncustomer depositor of a check is derived solely from UCC 4-301 and 4-302" (*Greenberg, Trager & Herbst, LLP v HSBC Bank USA*, 17 NY3d

at 577). In this case, where the defendants were together alleged to be the payor bank (*see* UCC 4-105 [b]) that was not also the depository bank (*see* UCC 4-105 [a]), they were accountable for paying the amount of the cashier's check, whether properly payable or not, if they "retain[ed] the item beyond midnight of the banking day of receipt without settling for it" (UCC 4-302 [a]), or, if after authorizing a timely provisional settlement, they failed to revoke such settlement prior to making final payment and before the "[m]idnight deadline" (UCC 4-104 [1] [h]), by either returning the check, or sending written notice of dishonor or nonpayment (*see* UCC 4-301, 4-302). Thus, the only duty which the defendants owed to the plaintiff was to pay the check, return the check, or send notice of dishonor (*see Greenberg, Trager & Herbst, LLP v HSBC Bank USA*, 17 NY3d at 577-578). As the complaint failed to allege that, upon the defendants' failure to pay the check, they breached their duty to either return the check or send notice of dishonor, the Supreme Court properly granted those branches of the defendants' motion which were to dismiss the first three causes of action, all of which sounded in negligence.

Furthermore, the Supreme Court properly granted that branch of the defendants' motion which was to dismiss the cause of action to recover damages for fraudulent concealment. "A cause of action to recover damages for fraudulent concealment requires, in addition to scienter, reliance, and damages, a showing that there was a fiduciary or confidential relationship between the parties which would impose a duty upon the defendant to disclose material information and that the defendant failed to do so" (*Consolidated Bus Tr., Inc. v Treiber Group, LLC*, 97 AD3d 778, 779 [2012]; *see High Tides, LLC v DeMichele*, 88 AD3d 954, 957 [2011]). Here, the Supreme Court properly held that the complaint failed to allege the existence of a fiduciary or confidential relationship between the parties (*see Merrill Lynch, Pierce, Fenner & Smith v Chemical Bank*, 57 NY2d 439, 444 [1982]; *Bennice v Lakeshore Sav. & Loan Assn.*, 254 AD2d 731 [1998]).

The Supreme Court properly denied that branch of the plaintiff's motion which was for leave to renew its opposition to the defendants' motion to dismiss the complaint pursuant to CPLR 3211 (a) (7). A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination or shall demonstrate that there has been a change in the law that would change the prior determination; and . . . shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221

[e] [2], [3]). Here, even if the plaintiff's excuse for failing to provide the newly submitted evidence in its original opposition papers constituted a reasonable justification, the facts derived from the evidence were insufficient to remedy the defects in the complaint (*see Leon v Martinez*, 84 NY2d at 88; *Rovello v Orofino Realty Co.*, 40 NY2d 633, 635-636 [1976]), such that there would be a change in the Supreme Court's determination upon the consideration of such evidence (*see generally Kranenberg v TKRS Pub, Inc.*, 99 AD3d 769 [2012]; *see also Millan v AMF Bowling Ctrs., Inc.*, 38 AD3d 860, 861 [2007]). Furthermore, the Supreme Court, in ruling upon that branch of the plaintiff's motion which was for leave to renew, properly considered the Court of Appeals' determination in *Greenberg, Trager & Herbst, LLP v HSBC Bank USA* (17 NY3d 565 [2011]), which was decided after the submission of the original motion papers. Accordingly, leave to renew was properly denied. Skelos, J.P., Leventhal, Hall and Sgroi, JJ., concur.