Order, Supreme Court, New York County (Paul Wooten, J.), entered November 7, 2012, which, among other things, granted defendants’ motions to dismiss the second amended complaint, sanctioned plaintiff in the amount of $10,000, and enjoined plaintiff from filing and serving any litigation papers in this matter on the defendants, their agents, employees or attorneys *491 without prior court approval, unanimously affirmed, without costs. Order, same court and Justice, entered January 7, 2013, which denied plaintiffs request for permission to bring a motion to renew and/or reargue the prior motions, unanimously affirmed, without costs.
Although plaintiffs loss in the underlying action did not collaterally estop him from asserting all of his Judiciary Law § 487 claims in this action (see generally D'Arata v New York Cent. Mut. Fire Ins. Co., 76 NY2d 659, 664 [1990]), the court properly dismissed plaintiffs fraud and section 487 claims. Plaintiffs allegations do not amount to acts of deceit, and do not give rise to any inference that the defendant lawyers making the statements, which mainly consist of simple advocacy, acted with intent to deceive (see Judiciary Law § 487; Amalfitano v Rosenberg, 12 NY3d 8, 11-12 [2009]).
Sanctions were appropriate, given the meritlessness of plaintiffs allegations and his maintenance of them in a second amended complaint, even after having seen defendants’ response to his earlier complaint (Fowler v Conforti, 194 AD2d 394 [1st Dept 1993]). Further, given plaintiffs history of vexatious litigation, the court properly required him to obtain court approval before filing or serving any litigation papers in this matter against defendants and their privies (see Dimery v Ulster Sav. Bank, 82 AD3d 1034,1035 [2d Dept 2011], appeal dismissed 17 NY3d 774 [2011]). Concur — Gonzalez, EJ., Acosta, Saxe and Manzanet-Daniels, JJ. [Prior Case History: 2012 NY Slip Op 32867(U).]