■ Tribeca Lending Corporation, Respondent, v Gregory M. Bartlett, Formerly Known as Gregory Hill, Appellant, et al., Defendants. [994 NYS2d 306]—

Order, Supreme Court, New York County (Saliann Scarpulla, J.), entered December 4, 2013, which denied defendant-appellant's (defendant) motion to vacate a judgment of foreclosure and sale pursuant to CPLR 5015 (a) (2) and (4), or, alternatively, to renew a prior motion to vacate the judgment pursuant to CPLR 2221 (e), unanimously affirmed, without costs.

The alleged defects raised by defendant do not involve jurisdictional defects within the meaning of CPLR 5015 (a) (4), and thus do not provide a basis for vacatur under that provision (*Wells Fargo, N.A. v Levin*, 101 AD3d 1519, 1521 [3d Dept 2012], *lv dismissed* 21 NY3d 887 [2013] [lack of standing is not a jurisdictional defect]; *see Matapos Tech. Ltd. v Compania Andina de Comercio Ltda*, 68 AD3d 672, 673 [1st Dept 2009]

[lack of a certificate of conformity is "not a fatal defect"]; *see also Varon v Ciervo*, 170 AD2d 446, 447 [2d Dept 1991] [untimely filing of proof of service is not a basis to vacate a notice of pendency]).

Nor is defendant entitled to vacatur on the ground of newly-discovered evidence (CPLR 5015 [a] [2]). The alleged transfer of the subject mortgage, which purportedly occurred after the entry of the judgment of foreclosure and sale, is not "newly-discovered evidence" within the meaning of CPLR 5015 (a) (2) (*see Chase Home Fin., LLC v Quinn*, 101 AD3d 793 [2d Dept 2012]).

The court properly denied defendant's motion to renew, as he failed to offer a reasonable justification for not presenting the alleged new facts on his prior motions (*see* CPLR 2221 [e] [3]; *Henry v Peguero*, 72 AD3d 600, 602-603 [1st Dept 2010], *appeal dismissed* 15 NY3d 820 [2010]; *see also Tribeca Lending Corp. v Bartlett*, 84 AD3d 496 [1st Dept 2011], *and Tribeca Lending Corp. v Bartlett*, 103 AD3d 516 [1st Dept 2013]). Concur—Mazzarelli, J.P., Acosta, Saxe, Richter and Clark, JJ. ■