■ DANIEL S. SHAFFER, Appellant, v GERALD N. GILBERG et al., Respondents. [4 NYS3d 49]—

In an action, inter alia, to recover damages for fraud, the plaintiff appeals from (1) an order of the Supreme Court, Westchester County (Adler, J.), dated December 7, 2012, which

granted that branch of the motion of the defendants James J. Nolletti and Collier, Halpern, Newberg, Nolletti & Bock, LLP, which was pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against them, and (2) an order of the same court dated December 10, 2012, which granted the motion of the defendants Gerald N. Gilberg, Frances Gilberg, The Gilberg Organization, Inc., and TGA of Palm Beach, Inc., pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against them.

Ordered that the orders are affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The plaintiff, who was a party to a highly contentious matrimonial action, contested the authenticity of 30 separate promissory notes and loans submitted by the wife in that action and reflected as liabilities in her net worth statement. The notes indicated that the wife owed her father, Gerald N. Gilberg, her mother, Frances Gilberg, and her mother and father's corporations, The Gilberg Organization, Inc., and TGA of Palm Beach, Inc. (hereinafter collectively the Gilberg defendants), in excess of $446,000 which, with added interest, amounted to more than $669,000. The plaintiff maintained that each of the 30 loans had actually been a gift from his in-laws to him and his wife and their family during the course of a 12-year period. The plaintiff theorized that the wife and her parents were improperly attempting to reduce the marital estate in order to also reduce the plaintiff's share of the marital estate.

In the matrimonial action, the plaintiff submitted documents which cast into doubt the authenticity of the notes. Shortly after the plaintiff submitted these documents, the wife's attorney, James J. Nolletti, a partner with Collier, Halpern, Newberg, Nolletti & Bock, LLP (hereinafter together the Collier defendants), withdrew the attorney certification to the wife's net worth statement.

Eventually, the plaintiff and his wife were able to reach a settlement agreement. As part of the agreement, the wife took responsibility for any debts in her name or guaranteed by her and the plaintiff was awarded a distributive award from the marital estate.

The plaintiff thereafter commenced this action against the Gilberg defendants and the Collier defendants, inter alia, to recover damages for fraud. In his complaint, the plaintiff did not allege that the marital estate was improperly diminished due to these allegedly fabricated notes and loans but, rather, alleged that he relied on the Gilberg defendants' representations

that the payments were gifts at the time that they were made. The plaintiff alleged that, as a result, he incurred debt and lived a lifestyle that he could not have otherwise afforded, and expended legal fees and suffered business losses determining whether the notes and loans were authentic. The Gilberg defendants moved to dismiss the complaint insofar as asserted against them, and the Collier defendants separately moved to dismiss the complaint insofar as asserted against them. The Supreme Court granted both motions and dismissed the complaint in its entirety. We affirm.

In considering a motion to dismiss a complaint for failure to state a cause of action pursuant to CPLR 3211 (a) (7), the court must accept the facts as alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (*see Siskin v Cassar*, 122 AD3d 714, 715-716 [2014]). "Where, however, a defendant has submitted evidence in support of a motion to dismiss pursuant to CPLR 3211 (a) (7), and the motion has not been converted into one for summary judgment, the criterion is whether the plaintiff has a cause of action, not whether he or she has stated one, and, 'unless it has been shown that a material fact as claimed by the [plaintiff] to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, . . . dismissal should not eventuate' " (*id.* at 716, quoting *Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]). Dismissal pursuant to CPLR 3211 (a) (7) is warranted if the evidentiary proof disproves an essential allegation of the complaint, even if the allegations of the complaint, standing alone, could withstand a motion to dismiss for failure to state a cause of action (*see Siskin v Cassar*, 122 AD3d at 716).

The Supreme Court properly directed the dismissal of the first cause of action, asserted against the Gilberg defendants, which alleged fraud. The plaintiff alleged that the Gilberg defendants committed fraud by misrepresenting that the payments were gifts, even though they knew that they would attempt to convert these gifts into marital debts, through the use of fictitious loans and notes, in the event of the dissolution or termination of the marriage. These bare conclusory allegations are insufficient to allege a cause of action to recover damages for fraud (*see generally Lama Holding Co. v Smith Barney*, 88 NY2d 413, 421 [1996]; *Hense v Baxter*, 79 AD3d 814, 816 [2010]). Moreover, the plaintiff's allegations regarding damages are speculative (*see Lama Holding Co. v Smith Barney*, 88 NY2d at 421; *see also Clearview Concrete Prods. Corp. v S. Charles Gherardi, Inc.*, 88 AD2d 461, 468 [1982]).

The Supreme Court properly directed the dismissal of the second and third causes of action, asserted against the Gilberg defendants, which alleged fraud during the course of a judicial proceeding and fraudulent concealment. The plaintiff failed to allege that the Gilberg defendants committed a fraud upon the court or the plaintiff during the matrimonial proceeding (*see generally Kevin Kerveng Tung, P.C. v JP Morgan Chase & Co.*, 105 AD3d 709, 712 [2013]). The plaintiff always maintained that he knew the promissory notes and loans were fabricated and, thus, he failed to allege the necessary elements of justifiable reliance on a material misrepresentation (*see Hense v Baxter*, 79 AD3d at 816). Moreover, in the stipulation of settlement the wife took responsibility for debts in her name or guaranteed by her and the plaintiff received a distributive award, and the plaintiff does not allege that the marital estate was reduced as a result of the notes and loans. The plaintiff's allegations as to other damages are speculative. In addition, the plaintiff failed to sufficiently allege that the Gilberg defendants had a duty to disclose material information and, thus, did not state a cause of action alleging fraudulent concealment (*see generally Kevin Kerveng Tung, P.C. v JP Morgan Chase & Co.*, 105 AD3d at 712).

The Supreme Court properly directed the dismissal of the fourth cause of action, asserted against Gerald N. Gilberg and Frances Gilberg, which alleged breach of fiduciary duty, as the plaintiff failed to allege that a fiduciary relationship existed between himself and those defendants (*see AG Capital Funding Partners, L.P. v State St. Bank & Trust Co.*, 11 NY3d 146, 158 [2008]; *EBC I, Inc. v Goldman, Sachs & Co.*, 5 NY3d 11, 19 [2005]; *Northeast Gen. Corp. v Wellington Adv.*, 82 NY2d 158, 173 [1993]; *Chasanoff v Perlberg*, 19 AD3d 635, 636 [2005]).

The Supreme Court also properly directed the dismissal of the fifth cause of action, asserted against Gerald N. Gilberg, which alleged malicious prosecution in connection with an action that Gerald N. Gilberg commenced against the plaintiff (*see Castro v East End Plastic, Reconstructive & Hand Surgery, P.C.*, 47 AD3d 608, 609 [2008]). The plaintiff's factual allegations regarding lack of probable cause and malice were disproved by the evidentiary material the Gilbergs submitted in support of their motion to dismiss (*see Engel v CBS, Inc.*, 93 NY2d 195, 204 [1999]; *Munoz v City of New York*, 18 NY2d 6, 9 [1966]; *Berman v Silver, Forrester & Schisano*, 156 AD2d 624, 625 [1989]; *cf. Chu v Greenpoint Bank*, 257 AD2d 589, 590 [1999]).

The Supreme Court properly directed the dismissal of the

sixth cause of action, asserted against the Collier defendants, which alleged a violation of Judiciary Law § 487, which "requires, among other things, an act of deceit by an attorney, with intent to deceive the court or any party" (*Curry v Dollard*, 52 AD3d 642, 644 [2008]). The plaintiff's allegations regarding an act of deceit or intent to deceive are conclusory and factually insufficient. In any event, the evidentiary material the Collier defendants submitted in support of their motion disproved the plaintiff's allegations (*see Siskin v Cassar*, 122 AD3d at 717; *Maksimiak v Schwartzapfel Novick Truhowsky Marcus, P.C.*, 82 AD3d 652, 652 [2011]; *Curry v Dollard*, 52 AD3d at 644; *Lazich v Vittoria & Parker*, 189 AD2d 753, 754 [1993]).

In light of our conclusion that the Supreme Court properly directed the dismissal of the causes of action sounding in fraud, asserted against the Gilberg defendants, the Supreme Court also properly directed the dismissal of the seventh, eighth, and ninth causes of action, asserted against the Collier defendants, which were predicated on this alleged underlying fraud (*see Winkler v Battery Trading, Inc.*, 89 AD3d 1016, 1017 [2011]; *Stanfield Offshore Leveraged Assets, Ltd. v Metropolitan Life Ins. Co.*, 64 AD3d 472, 476 [2009]; *see also Lazich v Vittoria & Parker*, 189 AD2d at 754; *Singer v Whitman & Ransom*, 83 AD2d 862, 863 [1981]).

Accordingly, the Supreme Court properly directed the dismissal of the complaint in its entirety. Mastro, J.P., Roman, Sgroi and Barros, JJ., concur.