■ ABRAHAM KLEIN, Appellant, v SAMUEL E. RIEFF et al., Respondents, et al., Defendants. [24 NYS3d 364]—

In an action, inter alia, to recover damages for legal malpractice, fraudulent misrepresentation, and a violation of Judiciary Law § 487, the plaintiff appeals, as limited by his brief, (1) from so much of an order of the Supreme Court, Kings County (Rothenberg, J.), dated January 31, 2013, as granted those branches of the separate motions of the defendant Eugene F. Levy, the defendants Matthew W. Naparty and Mauro Lilling Naparty, LLP, the defendants Mark L. Hankin and Hankin & Mazel, PLLC, and the defendant Stephen N. Preziosi which were pursuant to CPLR 3211 (a) (7) to dismiss the causes of action alleging legal malpractice, fraudulent misrepresentation, and a violation of Judiciary Law § 487 insofar as asserted against each of them, and (2) from so much of an order of the same court, dated December 5, 2013, as, upon reargument and renewal, adhered to its original determination in the order dated January 31, 2013, granting those branches of the separate motions of the defendant Eugene F. Levy, the defendants Matthew W. Naparty and Mauro Lilling Naparty, LLP, the defendants Mark L. Hankin and Hankin & Mazel, PLLC, and the defendant Stephen N. Preziosi which were pursuant to CPLR 3211 (a) (7) to dismiss the causes of action alleging legal malpractice, fraudulent misrepresentation, and a violation of Judiciary Law § 487 insofar as asserted against each of them, granted those branches of the separate motion of the defendant Samuel E. Rieff which were for summary judgment dismissing the causes of action alleging legal malpractice, fraudulent misrepresentation, and a violation of Judiciary Law § 487 insofar as asserted against him, and denied that branch of the plaintiff's motion which was for an order transferring the action to a certain Justice of the Supreme Court, Kings County.

Ordered that the appeal from the order dated January 31, 2013, is dismissed, as that order was superseded by the order dated December 5, 2013, made upon reargument and renewal; and it is further,

Ordered that the order dated December 5, 2013, is modified, on the law, by deleting the provisions thereof granting those branches of the motion of the defendant Samuel E. Rieff which were for summary judgment dismissing the causes of action alleging legal malpractice, fraudulent misrepresentation, and a violation of Judiciary Law § 487 insofar as asserted against him, and substituting therefor provisions denying those branches of the motion; as so modified, the order is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendant Eugene F. Levy, the defendants Matthew W. Naparty and Mauro Lilling Naparty, LLP, the defendants Mark L. Hankin and Hankin & Mazel, PLLC, and the defendant Stephen N. Preziosi, appearing separately and filing separate briefs, payable by the plaintiff, and one bill of costs is awarded to the plaintiff, payable by the defendant Samuel E. Rieff.

The plaintiff commenced this action, inter alia, to recover damages for legal malpractice, fraudulent misrepresentation, and a violation of Judiciary Law § 487. In the complaint, the plaintiff alleged that, in an underlying proceeding in which he was the petitioner, the defendant Samuel E. Rieff knowingly submitted to the court a witness statement on behalf of the respondents in that proceeding containing material misrepresentations for submission to the court, and that the defendants Eugene F. Levy, the defendants Matthew W. Naparty and Mauro Lilling Naparty, LLP (hereinafter together the Naparty defendants), the defendants Mark L. Hankin and Hankin & Mazel, PLLC (hereinafter together the Hankin defendants), and the defendant Stephen N. Preziosi, who, in succession, each represented the respondents, knowingly submitted Rieff's affirmation and a fraudulent affidavit from their client, and made materially false statements to the court in their own right, causing the plaintiff damages.

The Supreme Court properly granted those branches of the separate motions by Levy, the Naparty defendants, the Hankin defendants, and Preziosi which were pursuant to CPLR 3211 (a) (7) to dismiss the causes of action alleging a violation of Judiciary Law § 487 insofar as asserted against each of them, as the plaintiff failed to allege sufficient facts to establish that these defendants intended to deceive the court (see Shaffer v Gilberg, 125 AD3d 632, 636 [2015]; Schiller v Bender, Burrows & Rosenthal, LLP, 116 AD3d 756, 759 [2014]; Seldon v Lewis Brisbois Bisgaard & Smith LLP, 116 AD3d 490, 491 [2014]; Curry v Dollard, 52 AD3d 642, 644 [2008]; Michalic v Klat, 128 AD2d 505, 506 [1987]).

Similarly, the Supreme Court properly granted those branches of the separate motions of Levy, the Naparty defendants, the Hankin defendants, and Preziosi which were pursuant to CPLR 3211 (a) (7) to dismiss the causes of action alleging fraudulent misrepresentation insofar as asserted against each of them, as the plaintiff failed to adequately plead that these defendants knowingly made material misstatements to the court (see Mandarin Trading Ltd. v Wildenstein, 16 NY3d 173, 176 [2011]). For the same reason, the Supreme Court

properly granted those branches of these defendants' separate motions which were pursuant to CPLR 3211 (a) (7) to dismiss the causes of action alleging legal malpractice insofar as asserted against each of them, as these causes of action were premised on the exception to the rule requiring the existence of an attorney-client relationship in the absence of fraud, collusion, or malicious acts (see *Betz v Blatt*, 116 AD3d 813, 815 [2014]; cf. *Ginsburg Dev. Cos., LLC v Carbone*, 85 AD3d 1110, 1111-1112 [2011]).

However, the Supreme Court erred in granting those branches of Rieff's motion which were for summary judgment dismissing the causes of action alleging legal malpractice, fraudulent misrepresentation, and a violation of Judiciary Law § 487 insofar as asserted against him. Rieff contends that he is entitled to summary judgment because the plaintiff did not suffer any damages as the result of any alleged fraud that he committed by making knowing, material misstatements for submission to the court. Contrary to Rieff's contention, he failed to establish, prima facie, that the plaintiff was unable to demonstrate damages proximately caused by his alleged conduct (see *Bey v Flushing Hosp. Med. Ctr.*, 95 AD3d 1152, 1153 [2012]).

The parties' remaining contentions either are without merit or need not be reached in light of our determination. Hall, J.P., Roman, Cohen and Barros, JJ., concur.