Starker v Trump Vil. Section 4, Inc. (2018 NY Slip Op 04588)





Starker v Trump Vil. Section 4, Inc.


2018 NY Slip Op 04588


Decided on June 20, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 20, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ROBERT J. MILLER
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE, JJ.


2015-03513
 (Index No. 7629/09)

[*1]Oscar Starker, appellant, 
v
Trump Village Section 4, Inc., etc., et al., respondents, et al., defendants.


Robert A. Katz, New York, NY, for appellant.
Norris McLaughlin & Marcus, P.A., New York, NY (Sharyn A. Tritto of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Kings County (Wayne P. Saitta, J.), dated January 7, 2015. The order granted the motion of the defendants Trump Village Section 4, Inc., also known as Trump Village Section 4 Cooperative, and Trump Village West, for summary judgment dismissing the complaint insofar as asserted against them, and denied the plaintiff's cross motion for a hearing pursuant to CPLR 3212(c).
ORDERED that the order is affirmed, with costs.
The plaintiff was on a waiting list to obtain a one-bedroom apartment at the defendant Trump Village Section 4, Inc., also known as Trump Village Section 4 Cooperative (hereinafter Section 4), which was then operating subject to the Limited Profit Housing Companies Act, also known as the Mitchell-Lama Law. In 2007, the plaintiff was advised that Section 4 was leaving the Mitchell-Lama program (hereinafter the program), and reconstituting as a private cooperative.
The plaintiff commenced this action against, among others, Section 4 and, as it is also known, Trump Village West (hereinafter together TV4), and the New York State Division of Housing and Community Renewal (hereinafter DHCR), which was responsible for regulatory oversight of the program. In the complaint, the plaintiff alleged, inter alia, causes of action sounding in breach of contract, negligence, and conversion. Essentially, the plaintiff alleged that, due to the improper maintenance and oversight of the waiting list for apartments at TV4 prior to the conversion, he was wrongfully denied the opportunity to purchase a one-bedroom apartment at TV4.
After the complaint was dismissed insofar as asserted against DHCR (see Starker v Trump Vil. Section 4, Inc., 104 AD3d 937, 937-938), TV4 moved for summary judgment dismissing the complaint insofar as asserted against it. The plaintiff cross-moved for a hearing pursuant to CPLR 3212(c). In the order appealed from, the Supreme Court granted TV4's motion and denied the plaintiff's cross motion. The plaintiff appeals.
The essential elements of a cause of action to recover damages for breach of contract are (1) the existence of a contract, (2) the plaintiff's performance pursuant to the contract, (3) the defendant's breach of its contractual obligations, and (4) damages resulting from the breach (see All Seasons Fuels, Inc. v Morgan Fuel & Heating Co., Inc., 156 AD3d 591; Reznick v Bluegreen Resorts Mgt., Inc., 154 AD3d 891, 893; Legum v Russo, 133 AD3d 638, 639). Here, even if we were to [*2]deem the subject application to enter the lottery for a place on the waiting list to constitute a contract, in support of that branch of TV4's motion which was for summary judgment dismissing that cause of action, TV4 established, prima facie, that the plaintiff did not suffer damages resulting from any alleged breach on TV4's part. In this regard, TV4 demonstrated that the plaintiff, who was number 118 on the waiting list when the program was discontinued, would not have received an apartment given his position on the waiting list. In opposition, the plaintiff's speculative contentions failed to raise a triable issue of fact.
"To establish a cause of action sounding in negligence, a plaintiff must establish the existence of a duty on defendant's part to plaintiff, breach of the duty and damages" (Greenberg, Trager & Herbst, LLP v HSBC Bank USA, 17 NY3d 565, 576; see Kevin Kerveng Tung, P.C. v JP Morgan Chase & Co., 105 AD3d 709, 710). For the same reasons set forth above in connection with the cause of action alleging breach of contract, in support of that branch of TV4's motion which was to dismiss the cause of action to recover damages for negligence insofar as asserted against it, TV4 established, prima facie, that the plaintiff did not suffer damages as a result of any alleged breach of duty. The plaintiff's conclusory contentions proffered in opposition were insufficient to defeat that branch of TV4's motion which was to dismiss the cause of action to recover damages for negligence.
The plaintiff's remaining contentions are without merit.
Accordingly, we agree with the Supreme Court's determinations to grant TV4's motion for summary judgment dismissing the complaint insofar as asserted against it (see Alvarez v Prospect Hosp., 68 NY2d 320, 324), and to deny the plaintiff's cross motion for a hearing (see CPLR 3212[c]).
RIVERA, J.P., MILLER, HINDS-RADIX and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court