Bartlett v Tribeca Lending Corp. (2021 NY Slip Op 01839)





Bartlett v Tribeca Lending Corp.


2021 NY Slip Op 01839


Decided on March 25, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 25, 2021

Before: Manzanet-Daniels, J.P., Kern, Moulton, Shulman, JJ. 


Index No. 100005/20 Appeal No. 13448-13448A Case No. 2020-04638 

[*1]Gregory M. Bartlett, Plaintiff-Appellant,
v
Tribeca Lending Corp. et al., Defendants-Respondents.


Gregory M. Bartlett, appellant pro se.
Berkman, Henoch, Peterson, Peddy & Fenchel, P.C., Garden City (Nicholas Tuffarelli of counsel), for respondents.



Judgment, Supreme Court, New York County (Barbara Jaffe, J.), entered August 21, 2020, dismissing the amended complaint, enjoining plaintiff from filing any further litigation papers in this matter as a party-plaintiff, including the purchase of any new index number without the prior written approval of the administrative judge of the court, and awarding sanctions against plaintiff in the amount of $5,925 in favor of defendants, unanimously affirmed, with costs, and the matter remanded to Supreme Court for a hearing on sanctions, including reasonable attorneys' fees, in connection with this appeal. Appeal from underlying order, same court and Justice, entered June 29, 2020, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
There is no reason to disturb the motion court's findings. This case involves a residential mortgage foreclosure action filed under index no. 105275/07, in which plaintiff has repeatedly and unsuccessfully sought to vacate a 2008 foreclosure judgment of sale. This Court has previously held that plaintiff "may not relitigate issues resolved in prior appeals in this case" (Tribeca Lending Corp. v Bartlett, 156 AD3d 519, 519 [1st Dept 2017]; see also 121 AD3d 613 [1st Dept 2014]; 103 AD3d 516 [1st Dept 2013]; 84 AD3d 496 [1st Dept 2011]). However, plaintiff continues to do so despite this Court's directive. Moreover, in a prior order, the motion court enjoined plaintiff from seeking to file any further motions or actions regarding the mortgage premises without first obtaining leave of the motion court. Nevertheless, he ignored the prior order and filed a new complaint, wherein he continues to relitigate prior issues.
Given plaintiff's history of vexatious litigation, the motion court properly required him to obtain written court approval before filing or serving any litigation papers concerning the 2007 foreclosure action and/or mortgaged premises, even under different index numbers (see Seldon v Lewis Brisbois Bisgaard & Smith LLP, 116 AD3d 490, 491 [1st Dept 2014]).
Sanctions were also appropriate here, "given the meritlessness of plaintiff's allegations and his maintenance of them" in the amended complaint (id.; see 22 NYCRR 130-1.1[a]). Moreover, we find that the matter should be remanded to Supreme Court for a determination of the amount of expenses and attorneys' fees incurred by
defendants in responding to this appeal (see Yenom Corp. v 155 Wooster St. Inc., 33 AD3d 67, 75 [1st Dept 2006]; Levy v Carol Mgt. Corp., 260 AD2d 27, 34 [1st Dept 1999]).
We have considered plaintiff's remaining arguments and find them unavailing THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 25, 2021